**UNITED EXHIBITORS, Inc., et al. v. TWENTIETH CENTURY FOX FILM DISTRIBUTING CORPORATION et al.**

**No. 14.**

District Court, W. D. Pennsylvania.

Feb. 13, 1940.

Shreve & Shreve, of Erie, Pa., for Marika Galanis, Leo Guerrein, Jr., and Flora W. Guerrein, William W. Zeny, Joseph G. Seyboldt, George M. Seyboldt, and Boyd G. Neyland.

Burton R. Laub, of Erie, Pa., for Colonial Amusement Corporation.

GIBSON, District Judge.

Plaintiffs charge a number of defendants (some of them producers, some distributors and others exhibitors of moving pictures) with injuring them by means of a conspiracy in restraint of trade in violation of the Sherman Anti-Trust Law, 15 U.S.C.A. § 1 et seq., and the Clayton Act (38 Stat. 730).

One of the plaintiffs is the lessee of a moving picture theatre in the city of Erie, and the other plaintiffs are the owners of the theatre.

The complaint alleges that certain of the defendants have been, and still are, engaged in the production of moving pictures which are manufactured out of the state of Pennsylvania and which move in, and are subjects of, interstate commerce. It is alleged, further that plaintiffs, by reason of the unlawful combination of defendants, with that end in view, have been unfairly prevented from obtaining such moving pictures for exhibition prior to times when they could not be shown with profit.

Certain of the defendants, Colonial Amusement Corporation, Marika Galanis, Leo Guerrein, Jr., and Flora W. Guerrein, William W. Zeny, Joseph G. Seyboldt and George M. Seyboldt, and Boyd G. Neyland, have moved for judgment under Rule 12(b), 28 U.S.C.A. following section 723c, alleging that the plaintiffs' claim fails to state a claim upon which relief can be granted.

The motions are not well founded. The complaint charges a conspiracy to violate laws which give jurisdiction to this court in respect to violations thereof. It alleges damage to property and business, and if no specific damage were shown by an established conspiracy, at least nominal damages would accrue to plaintiffs as well as the injunctive relief prayed.

Upon argument some stress was put upon the fact that no action against the exhibitor defendants was alleged to have been other than local. This argument loses sight of the fact that a conspiracy in restraint of interstate commerce is charged. The subject matter gives jurisdiction.

Also, it has been urged that the complaint is insufficient in failing to specify times of the offense and overt acts under it. The complaint, as amended, declares the conspiracy to have existed within the past six years. If there is anything in this criticism of the pleading, and we doubt that there is in view of the fact that a continuing conspiracy is plainly charged, it could be

remedied by an amending declaration that the conspiracy began at an approximate time and has continued to the present.

The motions to dismiss the plaintiffs' action must be denied.