C. E. STEVENS COMPANY ET AL. *v.* FOSTER & KLEISER CO. ET AL.

No. 41. Argued November 19, 20, 1940.—Decided December 9, 1940.

---

[16] 2 Mason's Minnesota Statutes (1927) § 9495.

[17] See the Minnesota cases cited in note 11.

*Mr. H. B. Jones,* with whom *Mr. Wheeler Grey* was on the brief, for petitioners.

*Mr. Herbert W. Clark,* with whom *Messrs. J. Hart Clinton* and *Stephen V. Carey* were on the brief, for respondents.

MR. JUSTICE ROBERTS delivered the opinion of the Court.

In this case the petitioners filed a complaint[1] in the District Court for Western Washington under § 7 of the

---

[1] The suit was brought by the C. E. Stevens Company and two subsidiaries. The complaint is in three counts, the first setting forth the claim of the parent company, and each of the others the claim of one of the subsidiaries, against the respondents. Save as to the locale of the plaintiffs' business, and the amount of damages demanded, the counts are substantially alike. We shall refer to the first count as the complaint. The District Court did not pass on the question of the propriety of the joinder of the several causes of action, which was raised by the demurrer, and we express no opinion upon it.

Sherman Act,[2] for triple damages for alleged violation by the respondents of §§ 1 and 2 of the Act.[3] The respondents demurred to the amended complaint for failure to state a cause of action. The District Court treated the demurrer as a motion to dismiss and dismissed the complaint. The Circuit Court of Appeals affirmed the judgment.[4]

The question presented is whether the complaint alleges damage to the petitioners consequent upon a conspiracy to create a monopoly in the business of bill posting in the Pacific Coast region and to accomplish that monopoly by restraining interstate commerce in the transportation of posters.

The relevant allegations of the complaint may be summarized.

The petitioner C. E. Stevens Company is engaged in the business of outdoor advertising, which is the business of procuring locations and erecting structures thereon for the posting of bills and the painting of signs. Its business is conducted in Washington and other states. More specifically, the petitioner's activities are the soliciting, entering into, and execution of contracts for poster service for the display of posters, painted bulletins, and wall displays. These contracts are secured from advertisers, their representatives, and advertising agencies located throughout the United States and constitute agreements whereby the parties are to ship posters, lithographs, designs, stencils, etc., interstate with the purpose that the posters or lithographs shall be placed upon billboards and the other material used for painting signs on locations controlled by the bill posting

[2] Act of Oct. 15, 1914, c. 323, § 4, 38 Stat. 731, 15 U. S. C. § 15.
[3] Act of July 2, 1890, c. 647, §§ 1 and 2, 26 Stat. 209; 15 U. S. C. §§ 1 and 2.
[4] 109 F. 2d 764.

company. Foster & Kleiser Co., one of the respondents, is engaged in the same business in the Pacific Coast states and elsewhere. The other respondents are connected with and controlled by Foster & Kleiser Co. or its subsidiary, Restop Realty Co., the latter being in the business of owning, holding, and leasing property for outdoor advertising sites on the Pacific Coast.

The usual routine of the business is that the advertiser, directly or through an agency, contracts with a lithographer for making posters. The advertiser, either personally or through an agency, contracts with a bill posting company in the desired locality for the placing of the posters. The advertiser then forwards the posters to the bill poster or orders the lithographer to forward them. Foster & Kleiser Co. is operating under numerous contracts thus made.

Foster & Kleiser Co. formulated and entered into a plan, scheme, and conspiracy with others for the purpose of monopolizing all branches of the outdoor advertising business in the Pacific Coast area and preventing petitioner and other independents, so-called, from engaging in that business and securing and executing contracts therefor and from securing posters for use therein. The purpose of the conspirators was to prevent lithographers from supplying posters to independents, including petitioner, or to advertisers who were customers of petitioner and to prevent independents from securing adequate sites for the display of posters.

The bill asserts that there is an association of paint plant [5] operators and poster plant operators, known as "Outdoor Advertising Association of America, Inc.," of which the owners of separate plants located in separate cities are members. There is one membership for each

---

[5] A plant is a group of sign locations owned or controlled by one bill poster in one city or community.

municipality. Voting rights are according to the number of separate plants owned and operated by each voting member. Foster & Kleiser Co. has some six hundred plants with concomitant voting rights. By virtue of its voice in the management of the association, and pursuant to the conspiracy, it caused the association to threaten to refuse, and to refuse, to post lithographs if the manufacturers thereof sold or furnished them for posting by independent plants or furnished samples of posters to independent plants, with the aim and effect of coercing and intimidating the lithographers so as to prevent and hamper the petitioner and other competitors of the association's plants, and of the respondents, from securing samples or lithographs. Actual obstruction and hindrance of the independents, including the petitioner, resulted. Pursuant to the conspiracy, the association and the conspirators threatened to refuse, and have refused, to post posters and lithographs for advertisers if they patronized or made contracts with independent plants. In addition, the conspirators refused to execute any portion of national contracts for outdoor advertising if any part of the work had been executed, or was to be executed by an independent plant. The movement in interstate commerce of posters, lithographs, and designs for outdoor advertising was thus attempted to be monopolized, was monopolized, and was unreasonably restrained by the respondents.

Other allegations are made with respect to agreements brought about by the Foster & Kleiser Co. and other bill posting concerns to exclude the petitioner and other independents from participation in the national business of advertising. It is also alleged that the respondents resorted to various other illegal and unfair acts and means in the petitioner's locality in an effort to prevent petitioner from obtaining sites for posting lithographs

and displaying advertising signs, as part of the same general conspiracy and for the same ultimate purpose. We do not further set out these allegations because enough has been said to indicate the question on which the case turns.

The respondents conceded in the court below, and here, that the complaint charges a conspiracy in restraint of interstate commerce, within the purview of the Sherman Act, in view of the decision in *Ramsay Co.* v. *Associated Bill Posters,* 260 U. S. 501.

The court below, however, agreed with the respondents that the complaint fails to allege that the conspiracy, so far as it affected interstate commerce, was effective to injure petitioner, since there was no allegation that respondents' conduct prevented the petitioner from obtaining or receiving any posters. It thought the allegations of damage to petitioner's business were directed to the local acts of the respondents rather than to any restraint of interstate commerce in posters; and, as purely local activities were the gravamen of the complaint, no violation of the Sherman Act was sufficiently charged. This, upon the principle that local activities pursued without intent to hinder or restrain interstate commerce, although they indirectly affect it, cannot flow from or sustain a finding of conspiracy to interfere with or restrain such commerce.

The petitioner urges that the complaint charges a general conspiracy to monopolize the bill posting business on the Pacific Coast and, as one of the means of such monopoly, to restrain interstate commerce in posters contributing to the resulting injury of the petitioner. It insists that the court below was wrong in construing the complaint as charging a monopoly of local business not intended to affect interstate commerce.

We hold that the complaint alleges a conspiracy in violation of §§ 1 and 2 of the Sherman Act. The object

of it is to monopolize or to restrain trade in the bill posting business on the Pacific Coast, and in aid of that purpose, to restrain interstate commerce in posters; and the complaint sufficiently alleges that such monopoly and restraint inflicted damage upon the petitioner.

As we have said, the complaint alleges that the petitioner solicits contracts for poster advertising as does the respondent, Foster & Kleiser Co. The petitioner is thus in competition with Foster & Kleiser Co. in the effort to obtain contracts which call for the interstate shipment of posters for their execution. The complaint adequately charges a conspiracy to restrain the transportation of posters in interstate commerce, in aid of the attempted monopoly. It also charges other means and acts, local in character, with the same aim. The conspiracy, with its effect on interstate commerce, is alleged to have caused the petitioner great expense and loss of profits; to have restrained and prevented petitioner from establishing a business in San Francisco, "all to the great injury and damage of plaintiff." The pleading further alleges that the respondents' acts were injurious to the petitioner, excluded petitioner from fair competition, and charges that because of petitioner's inability to compete with respondents, petitioner "has been damaged in that its business was rendered unprofitable, and the profits of its said trade and commerce have diminished, and the plaintiff company has suffered loss and been damaged thereby."

While these allegations are general, we cannot say that they are inadequate nor are we able to agree with the court below that they are coupled with and treated solely as the consequence of local activities of the respondents.

We think that, in order to state a cause of action, the petitioner was not bound to aver that it had been wholly unable to obtain posters.

The judgment is reversed and the cause is remanded for further proceedings in conformity to this opinion.

*Reversed.*