## ELECTRICAL FITTINGS CORPORATION
### v. THOMAS & BETTS CO. et al.
#### Civ. No. 903.

District Court, D. New Jersey.

Nov. 10, 1943.

Darby & Darby, of New York City (Floyd H. Crews, of New York City, of counsel), for plaintiff.

Hunt, Hill & Betts, of New York City (Leavitt J. Hunt and Helen F. Tuohy, both of New York City, of counsel), for defendants.

SMITH, District Judge.

This is a civil action for treble damages under Section 4 of the Clayton Act, 15 U.S. C.A. § 15. The complaint, following a common pattern, alleges that the defendants, in violation of Section 3 of the said Act, 15 U.S.C.A. § 14, and Sections 1 and 2 of the Sherman Act, 15 U.S.C.A. §§ 1 and 2, and pursuant to and in furtherance of an unlawful conspiracy "to restrain trade, to establish and maintain a monopoly in the manufacture and sale of electrical fittings, to lessen competition in the manufacture, sale, jobbing and distribution of electrical fittings, and to fix prices in the sale of electrical fittings," entered into certain agreements and committed certain offenses, condemned by the said statutes as unlawful, to the consequent injury to the business and property of the plaintiff. The action is predicated upon the alleged unlawful use of a patent which was presumptively valid during the period of the alleged conspiracy but which has since been declared invalid.[1] An extensive recital of the allegations of the complaint is unnecessary to the determination of the questions here presented.

The case is before the Court at this time on a motion for summary judgment filed by the defendants pursuant to Rule 56 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and is submitted on the pleadings, affidavits, and depositions. This record, however, is so meager and inadequate that it will not support a determination that there is no

[1] Thomas & Betts Co. v. Steel C··   ‾ ‗ic Co., D.C., 31 F.Supp. 812, affirmed 3 Cir., 122 F.2d 304.

genuine issue as to any of the material facts, a determination essential to the entry of summary judgment. The said rule does not vest in the court the jurisdiction to summarily try the factual issues on the affidavits and depositions of the parties, but vests in the court the limited authority to enter summary judgment only if it clearly appears that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Toebelman v. Missouri-Kansas Pipe Line Co., 3 Cir., 130 F.2d 1016, 1018; Miller v. Miller, 74 App.D.C. 216, 122 F.2d 209; Whitaker v. Coleman, 5 Cir., 115 F.2d 305. The complete absence of any genuine issue must be apparent and all doubts thereon must be resolved against the moving party. Fishman v. Teter, 7 Cir., 133 F.2d 222; Toebelman v. Missouri-Kansas Pipe Line Co., supra; McElwain v. Wickwire Spencer Steel Co., 2 Cir., 126 F.2d 210.

The present record is devoid of any evidence on the principal issue raised by the allegation that the patent was unlawfully used to restrain trade, to lessen competition, and to create a monopoly; on this issue the defendants rest on the license agreement, several provisions of which are ambiguous. The contention of the defendants that the plaintiff suffered no injury is disputed not only in the affidavits but in the deposition of Samuel S. Joselson, upon which the defendants rely. The insufficiency of the record on these issues becomes apparent upon a consideration of the undisputed facts and the reasonable inferences which may be drawn therefrom.

The defendant National Electric Products Corporation, the owner by mesne assignment of the patent in question, under an agreement with the defendant Thomas & Betts Company, granted to the latter an exclusive license under the said patent. The latter defendant, pursuant to and in accordance with the said agreement, granted to certain manufacturers a license to manufacture and sell the invention upon terms and conditions prescribed in the license agreement. The conditions imposed upon the manufacture and sale of the invention, except those hereinafter discussed, were the conventional conditions intended to secure a fair pecuniary return to the owner of the patent. These conditions did not violate the anti trust laws, Bement & Sons v. National Harrow Co., 186 U.S. 70, 22 S.Ct. 747, 46 L.Ed. 1058, and therefore do not require discussion.

The license agreement, however, by express provision [2], restricted the sale of the patented device to "purchasers" (distributors and dealers) included by the licensor on a "list of approved purchasers." When the said provision is considered together with the related provisions of the agreement, it is apparent that the licensor, the defendant Thomas & Betts Company, without establishing or disclosing determinative criteria, reserved to itself the questionable arbitrary power to control the market. The purpose of the said provision is not disclosed in either the agreement or the record before the court. It is our observation, but not our decision, that the license agreement as thus drafted would have permitted the enforcement of conditions clearly beyond the purview of the patent monopoly. It may not have been so used by the defendant. However, if, as the plaintiff alleges, the license agreement was used by the defendants, pursuant to and in furtherance of an unlawful conspiracy, to restrain trade, to lessen competition, and to create a monopoly, not only in the patented device, but in related articles of manufacture, the entire plan or scheme falls within the express prohibitions of the anti trust laws. Sola Electric Co. v. Jefferson Electric Co., 317 U.S. 173, 63 S.Ct. 172, 87 L.Ed. 165; United States v. Univis Lens Co., 316 U.S. 241, 62 S.Ct. 1088, 86 L.Ed. 1408;

---

2 "The Licensor may at any time or times at its option send by registered mail to the Licensee a list or lists of approved purchasers of Connectors and stating the date on which such list or lists shall be deemed to take effect. The Licensor may thereafter from time to time add or remove names from such list of approved purchasers, and in any of such events the Licensor shall notify the Licensee by registered mail of such additions, or removals, stating the date when same shall take effect. The Licensor and Licensee covenant and agree that they will offer for sale or sell Connectors only to persons whose names shall at the time appear on said list or lists and to such persons only in accordance with the preceding two paragraphs. The Licensor may at any time or times and from time to time cancel and/or withdraw said lists in whole or in part by sending by registered mail notice of such whole or partial cancellation, and/or withdrawal to the Licensee. Subsequent to any such total or partial withdrawal and/or cancellation the Licensor may from time to time and at any time or times reinstate said lists in whole or in part."

258

United States v. Masonite Corporation, 316 U.S. 265, 62 S.Ct. 1070, 86 L.Ed. 1461; Morton Salt Co. v. G. S. Suppiger Co., 314 U.S. 488, 62 S.Ct. 402, 86 L.Ed. 363; Ethyl Gasoline Corporation v. United States, 309 U.S. 436, 60 S.Ct. 618, 84 L.Ed. 852; Standard Oil Co. v. United States, 283 U.S. 163, 51 S.Ct. 421, 75 L.Ed. 926; Boston Store of Chicago v. American Graphophone Co., 246 U.S. 8, 38 S.Ct. 257, 62 L.Ed. 551, Ann.Cas.1918C, 447; Straus v. Victor Talking Mach. Co., 243 U.S. 490, 37 S.Ct. 412, 61 L.Ed. 866, L.R.A.1917E, 1196, Ann.Cas. 1918A, 955; Lynch v. Magnavox Co., 9 Cir., 94 F.2d 883; Radio Corporation of America v. Lord, 3 Cir., 28 F.2d 257. It is the opinion of the Court that judgment on these issues can be had only upon a trial of the action on the merits.

 The defendants, pursuant to Rule 12(b) (6) of the Rules of Civil Procedure, move to dismiss the complaint on the ground that it fails to state a claim upon which relief can be granted. The motion is denied. Louisiana Farmers' Protective Union v. Great Atlantic & Pacific Tea Co., 8 Cir., 131 F.2d 419; Stewart-Warner Corp. v. Staley, D.C., 42 F.Supp. 140; C.F. Simonin's Sons v. American Can Co., D.C., 30 F.Supp. 901. The case upon which the defendants primarily rely, C. E. Stevens Co. v. Foster & Kleiser Co., 9 Cir., 109 F.2d 764, and which clearly supports their contention, was reversed by the Supreme Court, 311 U.S. 255, 61 S.Ct. 210, 85 L.Ed. 173. The opinion of the Supreme Court is authority for our conclusion on this motion.

