NATIONAL SUPPLY CO. et al. v.
HILLMAN et al.

Civil Action No. 2913.

District Court, W. D. Pennsylvania.

Oct. 5, 1944.

William Watson Smith, Leon Hickman, Smith, Buchanan & Ingersoll, and Robert W. Eiler, all of Pittsburgh, Pa., for plaintiffs.

Earl F. Reed and Thorp, Bostwick, Reed & Armstrong, all of Pittsburgh, Pa., for J. H. Hillman, Jr., and Pennsylvania Industries, Inc.

H. Eastman Hackney, S. N. Hutchison, Jr., T. W. Pomeroy, Jr., Jno. D. McIntyre, and Reed, Smith, Shaw & McClay, all of Pittsburgh, Pa., for Pittsburgh Steel Co.

SCHOONMAKER, District Judge.

This is an action under the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1–7, 15 note, and the Clayton Act, 38 Stat. 730.

Plaintiffs seek (a) to require defendants Pittsburgh Steel Company and Pennsylvania Industries, Inc., to divest themselves of their stock interest in plaintiff-company; (b) to enjoin defendants from acquiring stock in plaintiff-company so long as defendant Pittsburgh Steel Company remains in substantial competition with plaintiff-company; (c) to enjoin defendant-corporations from voting their stock in plaintiff-company; (d) to enjoin defendant Hillman from holding office simultaneously as a director of plaintiff-company and defendant Pittsburgh Steel Company so long as that company remains in substantial competition with plaintiff-company; (e) and to enjoin defendants perpetually from engaging in, or endeavoring to carry out the conspiracy described in the complaint.

Defendants have moved to dismiss, because they allege that the complaint fails to state a claim on which relief can be granted, alleging: (1) That the plaintiffs are not entitled to maintain the action; (2) that the complaint discloses no conduct that has, or will, cause injury or loss to plaintiffs, either within the meaning of the Sherman Anti-Trust Act or the Clayton Anti-Trust Act; (3) that plaintiffs are barred from maintaining this action by their gross laches; and (4) that the presently existing war conditions, Acts of Congress, and executive orders of the President, necessitated by such conditions, have made the gravamen of the complaint herein a matter that is now moot.

In substance, the complaint alleges that both plaintiff-company and defendant Pittsburgh Steel Company are engaged in the business of fabricating steel into many products and selling the same in interstate commerce in more than twenty states; that the defendant Hillman is a director of both companies; that plaintiff-company and defendant Pittsburgh Steel Company are business competitors; that a substantial proportion of the products of each company moves in interstate commerce, so that the elimination of competition between the two corporations, by agreement, would constitute a violation of the anti-trust laws; that defendant Pennsylvania Industries, Inc., is dominated and controlled by defendant Hillman, who owns or controls more than 70% of its issued and outstanding stock; that defendant Hillman owns and controls defendant Pittsburgh Steel Company, and that his decisions in the formation and execution of its policies are final; that such control is derived principally through the Pennsylvania Industries, Inc., which is the owner of approximately 147,716 shares of its stock; that defendant Pittsburgh Industries, Inc., has acquired 120,000 shares of the common stock of plaintiff-company, which stock, at the instigation of Hillman, it transferred to defendant Pittsburgh Steel Company, which owns said shares; Pennsylvania Industries, Inc., owns approximately 16,006 shares; and the defendant Hillman, 270 shares of the capital stock of plaintiff-company.

Plaintiffs further allege that this acquisition and retention of stock of plaintiff-company by the corporate defendants, Pittsburgh Steel Company, and Pennsylvania Industries, Inc., is a violation of Section 7 of the Clayton Act, 15 U.S.C.A. § 18, for the effect of such acquisition may substantially lessen competition between plaintiff, National Supply Company, and defendant, Pittsburgh Steel Company. It may also restrain interstate commerce, in view of the fact, as alleged by plaintiffs, that defendant, Pittsburgh Steel Company, did not purchase, and has not retained, said stock for investment, but for the purpose of using the same to bring about a substantial lessening of competition between the Pittsburgh Steel Company and the plaintiff-company.

Plaintiffs also aver that the conduct of the defendant Hillman, in serving as a director of plaintiff, National Supply Company, and of defendant, Pittsburgh Steel Company, is a violation of Section 8 of the Clayton Act, 15 U.S.C.A. § 19. This section prohibits a person from being, at

**6**

the same time, a director in any two or more corporations engaged in interstate commerce, if such corporations are, or have been theretofore, competitors. And elimination of competition, by agreement, between them, would constitute a violation of the anti-trust laws.

It is further alleged by plaintiffs that at all times since the organization of plaintiff-company, defendants have conspired to obtain domination and control of plaintiff-company, in violation of the Sherman Act, in order that they may: (1) Either terminate or control the competition existing between the plaintiff-company and defendant Pittsburgh Steel Company; (2) cause the plaintiff-company to buy all, or a substantial part of its requirements of steel for the production of seamless tubular products from the defendant, Pittsburgh Steel Company; (3) cause plaintiff, National Supply Company, to purchase its requirements of coal from coal companies owned or controlled by defendant Hillman, notably Hillman Coke & Coal Company; and (4) to place each and all of the defendants in a position to dominate, control and direct the business and affairs of plaintiff, National Supply Company, in the interests of the defendants.

Plaintiffs claim that such conspiracy has been carried on in part through the voting of the stock of plaintiff, National Supply Company, owned or controlled, directly or indirectly, by defendants and by such other shareholders as defendants have been able to persuade to participate in this effort; that defendants were successful through the aid of hired professional proxy solicitors in obtaining proxies for 303,070 shares of voting stock, exclusive of the 120,000 shares of such stock owned by defendant, Pittsburgh Steel Company. As a result thereof by means of cumulative voting at the annual meeting of stockholders held April 5, 6, and 7, 1944, they were successful in electing five directors, two of whom —i. e., John E. Laughlin, Jr., and T. W. Kirkpatrick—had not been nominated for office. The legality of this election is now a subject of litigation in the Court of Common Pleas of Allegheny County, Pennsylvania.

Plaintiffs further allege that the plaintiff-company is suffering from, and is threatened with, irreparable loss and damage by the ownership of a substantial block of its stock by defendant, Pittsburgh Steel Company, and with ownership of its stock, directly or indirectly, by the other defendants; that its freedom and ability to compete with the Pittsburgh Steel Company has been impaired and is in danger of being further impaired or entirely defeated.

Plaintiff Morgan B. Schiller alleges that he is suffering from, and is threatened with, irreparable loss and damage as a shareholder of plaintiff-company, for the same reason above set forth in respect to the plaintiff-company.

We are of the opinion that the complaint alleges good causes of action, as far as concerns the plaintiff-company, but not as to the individual plaintiff. We have had the same question before us heretofore. We held in Hartford-Empire Co. v. Glenshaw Glass Co., D.C., 47 F.Supp. 711, at page 717:

"The Supreme Court also has held that general allegations that a conspiracy in restraint of trade directly injured the business and property of the complaining party, are sufficient. See Stevens Co. v. Foster & Kleiser Co., 311 U.S. 255, 261, 61 S.Ct. 210, 85 L.Ed. 173."

In Stewart-Warner Corporation v. Staley, D.C., 42 F.Supp. 140, on page 145, we said:

"In our view, the counterclaim charges acts of plaintiff of a nature condemned by the Sherman Anti-Trust Act and the Clayton Act with sufficient particularity to enable the plaintiff to reply to the counterclaim. Rule 8(a) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c provides that the complaint shall contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Certainly this rule does not provide for setting out in detail the acts complained of, nor the circumstances from which the pleader draws his conclusions that the Sherman Act and the Clayton Act have been violated."

Judge Gibson of this court also made a similar ruling in United Exhibitors, Inc., v. Twentieth Century Fox Film Distributing Corporation, 31 F.Supp. 316.

Likewise, in Hirshhorn v. Mine Safety Appliances Co., D.C., 54 F.Supp. 588, on page 591, we said:

"Since the function of a 'notice' system of pleading is to afford fair notice of the nature and basis of the claim asserted and a general indication of the type of litigation involved, defendants cannot be heard to say they do not have fair notice.

Plaintiff has stated sufficient ultimate facts to notify defendants of the nature of the action, and the fraudulent acts charged."

The Circuit Court of Appeals of this Circuit, in Continental Collieries v. Shober, 130 F.2d 631, expressed the same view. Circuit Judge Jones said (130 F.2d at page 635):

"* * * Under Rule 8(a) (2) of the Federal Rules a plaintiff 'sets forth a claim for relief' when he makes 'a short and plain statement of the claim showing that the pleader is entitled to relief'. See Sierocinski v. E. I. DuPont De Nemours & Co., 3 Cir., 103 F.2d 843. Technicalities are no longer of their former importance, and a short statement which fairly gives notice of the nature of the claim is a sufficient compliance with the requirements of the rules."

Our conclusion on this phase of the case is that the complaint does state a claim on which relief can be granted.

Defendants also urge that this suit is prematurely brought, because defendants do not have, or control, sufficient stock-interest in plaintiff-company to control its Board of Directors. There is no merit in this contention. Section 7 of the Clayton Act forbids the acquisition by one corporation of the stock of another "where the effect of such acquisition may be to substantially lessen competition between the corporation whose stock is so acquired and the corporation making the acquisition", or where the effect of such acquisition may be "to restrain such commerce in any section or community", or where the effect of such acquisition may "tend to create a monopoly in any line of commerce."

The complaint, in paragraphs 11, 13, and 14, alleges the restraining effect of the stock ownership of defendants and the conspiracy between the defendants, and avers that the National Supply Company is the victim thereof.

We had a similar situation in Hartford-Empire Company v. Glenshaw Glass Company, 47 F.Supp. 711, 717:

"Plaintiff urges that if there was a monopoly in restraint of trade in this case, the defendant was in pari delicto thereto, and cannot recover either damages under the anti-trust laws, or rents and royalties heretofore paid under the license-agreements. We cannot see the defendant in that category. Under the facts pleaded in the answer and counterclaim, the defend-ant was a victim, rather than a participant in the alleged conspiracy. The case of Eastman Kodak Company v. Southern Photo [Material] Co., 273 U.S. 359, 47 S. Ct. 400, 71 L.Ed. 684, supports this view."

Defendants also contend that plaintiffs are guilty of laches. We do not see any merit in this contention. We cannot see how plaintiffs can, at the same time, be premature in bringing this action, and guilty of laches in not bringing it sooner. Whether this suit was brought too soon or too late is obviously a question of fact to be determined by the court on the trial.

Circuit Judge Woolley, in Farmers' Bank of McSherrystown v. Halsey, Stuart & Co., 3 Cir., 21 F.2d 818, 822, well stated the rule to be applied when laches is pleaded as a defense:

"* * * Proof that the plaintiff's delay gave it some advantage or subjected the defendant to some prejudice is necessary, for laches, unlike limitation, is not a mere matter of time. Galliher v. Cadwell, 145 U.S. 368, 372, 12 S.Ct. 873, 874, 36 L. Ed. 738; Southern Pacific [Co.] v. Bogert, 250 U.S. 483, 39 S.Ct. 533, 63 L.Ed. 1099. Therefore this defense when reached is for the trial court, to be disposed of according as the testimony is disputed or undisputed."

The bill of complaint discloses no basis for a determintion of this question. There is nothing in the complaint that would even indicate that defendants have been harmed by the failure of plaintiffs to bring this suit at an earlier date.

As to the allegation that the matters are moot, there is no merit in this contention. There is no war-time Act of Congress which makes this action moot. The Acts of Congress and executive orders now in existence refer only to prosecutions of actions by the United States.

Then, too, there is no merit in the contention that there is no special damage suffered by, or threatening the plaintiff. Private injunctive relief is permitted under Section 16 of the Clayton Act, 15 U.S.C.A., § 26, "against threatened loss or damage by a violation of the antitrust laws, * * *, when and under the same conditions and principles as injunctive relief against threatened conduct that will cause loss or damage is granted by courts of equity, * * *." Such averment we find in paragraph 22 of the amended bill of complaint.

As to the plaintiff, Morgan B. Schiller, we are of the opinion that the bill of complaint should be dismissed. He alleges damages to his voting rights, if defendants are permitted to vote their stock. He has shown no special damages to himself which would qualify him to sue. He cannot sue under Section 16 of the Clayton Act for an injury to the plaintiff-company.

The motion to dismiss will be granted as to the plaintiff Schiller, and denied as to plaintiff, National Supply Company. An order may be submitted accordingly on notice to opposing counsel.