CAMREL CO., Inc., v. SKOURAS THEA-
TRES CORPORATION et al.

Civ. 3097.

District Court, D. New Jersey.

Nov. 29, 1944.

Benjamin E. Gordon, of Jersey City, N. J., for plaintiff.

Atwood C. Wolf, of Jersey City, N. J., for defendant Skouras Theatres Corporation.

Arthur T. Vanderbilt, of Newark, N. J., for defendants Stanley Co. of America, Loew's Theatre & Realty Corporation, and Union Hill Corporation.

812

Herman C. Silverstein, of Jersey City, N. J., for defendant Rosewelt Realty Co.

SMITH, District Judge.

This is a civil action under the Sherman and Clayton Acts, 15 U.S.C.A. § 1 et seq., and is before the Court at this time on the motions of the defendants to dismiss the complaint under Rule 12(b) (6) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The motions are predicated upon the alleged failure of the complaint "to state a claim upon which relief can be granted" and present identical questions.

An extensive recital of the pertinent allegations of the complaint seems unnecessary for our present purpose. The complaint, following the usual pattern, alleges that the defendants, exhibitors of motion pictures, in violation of Section 3 of the Clayton Act, 15 U.S.C.A. § 14, and Sections 1, 2, and 3 of the Sherman Act, 15 U.S.C.A. §§ 1, 2, and 3, and pursuant to and in furtherance of an unlawful conspiracy to restrain trade, to establish and maintain a monopoly in the distribution and exhibition of motion pictures, and to lessen competition in the industry, entered into certain agreements and committed certain offenses condemned by the said statutes as unlawful, to the consequent injury of the business and property of the plaintiff. The producers and distributors of motion pictures, with whom the defendants are allegedly affiliated, are named as conspirators but are not joined as defendants.

The allegations of the complaint must be appraised in the light of the requirements prescribed by Rule 8(a) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which are determinative of the sufficiency of the complaint. It is clear that this rule requires, in addition to the necessary jurisdictional allegations, nothing more than "a short and plain statement of the claim showing that the pleader is entitled to relief." There is no requirement that the complaint state "facts sufficient to constitute a cause of action." Continental Collieries v. Shober, 3 Cir., 130 F.2d 631, 635; Louisiana Farmers' Protective Union v. Great Atlantic & Pacific Tea Co., 8 Cir., 131 F.2d 419, 422; Dioguardi v. Durning, 2 Cir., 139 F.2d 774, 775; Garbutt v. Blanding Mines Co., 10 Cir., 141 F.2d 679. The present complaint, tested by this simple criterion, is sufficient.

In the case of Louisiana Farmers' Protective Union v. Great Atlantic & Pacific Tea Co., supra, the Circuit Court of Appeals, Eighth Circuit, in passing upon the sufficiency of a similar complaint, stated [131 F.2d 422]: "The courts have always recognized the difficulty in actions of the character here, inherent in the nature of the case, in setting forth in precise detail the acts constituting the alleged violations of the anti-trust laws. Loewe v. Lawlor, 208 U.S. 274, 28 S.Ct. 301, 52 L.Ed. 488, 13 Ann.Cas. 815; Swift & Co. v. United States, 196 U.S. 375, 395, 396, 25 S.Ct. 276, 279, 49 L.Ed. 518; Buckeye Powder Co. v. E. I. Du Pont De Nemours [Powder] Co., D.C., 196 F. 514. And since the adoption of the Rules of Civil Procedure, the cases require of the pleader only a plain and simple statement of his case in conformity to Rule 8(a), 28 U.S.C.A. following section 723c. It is not necessary to set out in detail the acts complained of nor the circumstances from which the pleader draws his conclusions that violations of the acts of Congress have occurred and the pleader has been damaged. C. E. Stevens Co. v. Foster & Kleiser Co., 311 U.S. 255, 61 S.Ct. 210, 85 L.Ed. 173; Hicks v. Bekins Moving & Storage Co., 9 Cir., 87 F.2d 583; Stewart-Warner Corp. v. Staley, D.C., 42 F. Supp. 140; Luebke Co. v. Manhardt, D.C., 37 F.Supp. 13; Metzger v. Breeze Corp., D.C., 37 F.Supp. 693; Kentucky-Tennessee Light & Power Co. v. Nashville Coal Co., D.C., 37 F.Supp. 728." This statement of the law is apposite in the instant case.

The defendants further move, but in the alternative, for a bill of particulars under Rule 12(e) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c. It is necessary to consider only the joint motion of Stanley Company of America, Loew's Theatre & Realty Corp., and Union Hill Corporation. The motions of the Skouras Theatres Corporation and Rosewelt Realty Company are similar in their substance to the said joint motion and are, therefore, dismissed. This procedure will, in the opinion of the Court, be conducive to a simplification of the record.

The allegations of the complaint, although legally sufficient, are so general and indefinite that it would be difficult for each of the defendants to prepare a responsive pleading that would adequately meet not only the charges of the complaint but also the requirements of Rule 8. The

plaintiff, in response to specifications 1 to 13 of the joint motion, excepting therefrom specifications 3, 4(a), 5(a) and (g), and 7(a), (b), (c) and (d), will be required to furnish the particulars demanded. The bill of particulars shall be filed in the action, as contemplated by the Rules, and a copy thereof transmitted to each of the defendants or its attorney.

The motions to dismiss the complaint are dismissed for the reasons hereinabove stated but without prejudice to the right of the defendants to renew them if it should appear upon the face of the bill of particulars that the alleged conspiracy was not the direct and proximate cause of the injury of which the plaintiff now complains. The reason for this reservation, which should be apparent to the litigants, cannot be discussed at this time without the Court's appearing to prejudge the question of law that may be presented when the issues are more clearly defined.

The defendants shall prepare and submit forthwith, on notice to the plaintiff, a proper order.