Jesse OZDOBA and Marian Berlfein, doing business under the firm name and style of Ronald Fabrics Company, Plaintiffs,

v.

VERNEY BRUNSWICK MILLS, Inc.; Verney Fabrics Corp.; Verney Mills, Inc.; Gilbert Verney; Harrison C. Biggi; Oliver Iselin and Floyd W. Jefferson, individually and as copartners, doing business under the firm name and style of Iselin-Jefferson Co.; Cabot Manufacturing Co., Inc.; Jacob Ziskind; and First National Bank of Boston, Defendants.

United States District Court
S. D. New York.
Nov. 13, 1946.

J. Norman Lewis, and Herbert N. Bobrow, New York City, by J. Norman Lewis, James P. Durante and Benjamin Bartel, New York City, for plaintiffs.

Weil, Gotshal & Manges, New York City, by Horace S. Manges, Jacob F. Raskin and Murray W. Neitlich, New York City, for defendants Verney Brunswick Mills, Inc., Verney Fabrics Corp., Verney Mills, Inc., Gilbert Verney and Harrison C. Biggi.

Kobbe, Thatcher & Frederick, by Karl T. Frederick, New York City, for defendant Floyd W. Jefferson.

BONDY, District Judge.

These are motions to dismiss the action because the complaint fails to state a claim against the moving defendants upon which relief can be granted. The action was brought to recover treble damages for and to enjoin alleged violations of Sections 1 and 2 of the Sherman Anti-Trust Act and Section 7 of the Clayton Act, 15 U.S.C.A. §§ 1, 2, 18.

The first cause of action sets forth an alleged conspiracy in restraint of interstate commerce. It alleges the following among other facts: The plaintiffs were copartners, engaged in the business of converting rayon piece goods, known as rayon greige goods, of which the defendant Cabot Manufacturing Co., Inc. was their principal source of supply.

Plaintiffs sold the converted goods in interstate commerce to manufacturers of wearing apparel and of other low cost consumers' goods. The individual defendants other than Jacob Ziskind are officers, directors or principal stockholders of the three defendant Verney corporations. These corporations are in direct competition with the plaintiffs in the business of converting rayon greige goods and selling the finished goods in interstate commerce to manufacturers. The individual defendants other than Ziskind own, operate and control the defendant Verney corporations and a number of mills, all of which are affiliated with one another. The defendants and their affiliates, financed by the defendant bank, acquired the controlling stock and the assets of the defendant Cabot Manufacturing Co., Inc., through the agency of the defendant Ziskind. Thereafter the goods produced by the Cabot Manufacturing Co., Inc. were distributed by and among the defendants who notified the plaintiffs that no more goods produced by the Cabot Manufacturing Co., Inc. would be sold to the plaintiffs.

■ As has been urged by the moving defendants, it is not a violation of the anti-trust laws for a trader merely to acquire a noncompeting business, see United States v. Winslow, 227 U.S. 202, 33 S.Ct. 253, 57 L.Ed. 481; United States v. United Shoe Mach. Co., 247 U.S. 32, 38 S.Ct. 473, 62 L.Ed. 968, or to select his own customers, Federal Trade Comm. v. Raymond Bros.-Clark Co., 263 U.S. 565, 573, 44 S.Ct. 162, 68 L.Ed. 448; Federal Trade Comm. v. Beech-Nut Packing Co., 257 U.S. 441, 452, 42 S.Ct. 150, 66 L.Ed. 307, or without concert to sell his products at such price as he chooses regardless of the consequences to competitors. Package Closure Corporation v. Sealright Co., 2 Cir., 141 F.2d 972, 977. The plaintiffs, however, do not complain merely because their competitors have acquired their principal source of supply and have been using it to promote their own interests to the exclusion of sales to plain-

tiffs. In the first cause of action it is further alleged that these acts were done by defendants with their great combined financial power pursuant to a conspiracy among themselves and others in restraint of competition in order to eliminate plaintiffs as competitors, destroy their business and eliminate from commerce the manufacture, sale and distribution of low-priced rayon goods. It is also alleged that, by depriving plaintiffs of the goods produced by the Cabot Manufacturing Co., Inc. defendants have eliminated them as competitors, and have obtained higher prices for such goods, to plaintiffs' damage in being unable to supply customers and in sustaining loss of profits and of customers, and to the public's damage in being deprived of the benefits of free competition in the products of the Cabot mill.

It is·well settled that under the Sherman Act any combination formed for the purpose of raising or fixing prices in interstate commerce, regardless of its character or the form of the acts done, or of the amount of the interstate commerce affected is illegal per se. Standard Oil Co. of New Jersey v. United States, 221 U.S. 1, 58, 31 S.Ct. 502, 55 L.Ed. 619; United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 223, 60 S.Ct. 811, 84 L.Ed. 1129; Apex Hosiery Co. v. Leader, 310 U.S. 469, 485, 500, 60 S.Ct. 982, 84 L.Ed. 1311. It has also been held that a business is entitled to be protected against a concert of action directed toward its removal from competition. William Goldman Theatres v. Loew's, Inc., 3 Cir., 150 F.2d 738, 743. See Package Closure Corporation v. Sealright Co., supra, 141 F.2d at page 978; White Bear Theatre Corp. v. State Theatre Corp., 8 Cir., 129 F.2d 600, 604. The concert of action need not be among competitors in the manufacture or sale of a given product in order to violate the anti-trust laws, as contended by some of the moving defendants, but noncompetitors or members of an affiliated group may conspire illegally to restrain the interstate commerce of others and thereby subject themselves to the prohibitions of the anti-trust laws. United States v. General Motors Corporation, 7 Cir., 121 F.2d 376, 404, certiorari denied 314 U.S. 618, 62 S.Ct. 105, 86 L.Ed. 497; Patterson v. United States, 6 Cir., 222 F. 599, 620, certiorari denied 238 U.S. 635, 35 S.Ct. 939, 59 L.Ed. 1499. In Alexander Milburn Co. v. Union Carbide & Carbon Corp., 4 Cir., 15 F.2d 678, certiorari denied 273 U.S. 757, 47 S.Ct. 459, 71 L.Ed. 876, relied on by defendants, the court considered an appeal after trial whether there was evidence of a combination among members of a noncompeting, affiliated group which would justify the conclusion that they were seeking to eliminate competition. The complaint before the court alleges a similar combination for the same purpose.

The second cause of action realleges the allegations of the first and further, that the acts of defendants were part of a conspiracy to substantially lessen, destroy and injure competition in interstate commerce and tend to create a monopoly in interstate commerce in the manufacture, sale, control and fixing of prices of rayon goods, and that in furtherance thereof defendants acquired ownership, operation and control of the stock and assets of various other mills for the production of rayon goods, such as the defendant Cabot Manufacturing Co., Inc. with the result that converters of rayon greige goods, such as plaintiffs, have been deprived of their sources of supply and have been unable to supply their customers, manufacturers of wearing apparel have been compelled to purchase goods from defendants at higher prices and the general public has been deprived of the opportunity of purchasing low-cost wearing apparel converted from rayon greige goods. This sufficiently alleges an attempt to monopolize in violation of Section 2 of the Sherman Act, 15 U.S.C.A. § 2. See Lynch v. Magnavox Co., 9 Cir., 94 F.2d 883, 888; Northern Securities Co. v. United States, 193 U.S. 197, 332, 24 S.Ct. 436, 48 L.Ed. 679.

The third cause of action realleges the foregoing allegations and further, that the acquisition by the defendants pursuant to the conspiracy of the stock and assets of the Cabot Manufacturing Co., Inc. and of other mills producing rayon greige goods restrains, injures and destroys interstate commerce in the manufacture, sale and distribution of rayon greige goods and tends to create a monopoly therein, in violation of Section 7 of the Clayton Act, 15 U.S.C.A. § 18. Insofar as these allegations relate to acquisition of stock, they are sufficient. This section is in the disjunctive and does not alone apply to substantial lessening of competition between the corporation whose stock was acquired and the corporation acquiring it, but also comprehends a situation where the effect of the acquisition is to restrain commerce or tend to create a monopoly. Aluminum Co. of America v. Federal Trade Comm., 3 Cir., 284 F. 401, 406, 407, certiorari denied 261 U.S. 616, 43 S.Ct. 362, 67 L.Ed. 828.

The question before the court is one of pleading, not of proof. Defendants' objections that the complaint fails to allege the facts of the conspiracy and damage to plaintiffs resulting therefrom are untenable. Plaintiffs have set forth a short and plain statement of their claim in accordance with the requirements of Rule 8(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. See Louisiana Farmers' Protective Union v. Great Atlantic & Pacific Tea Co., 8 Cir., 131 F.2d 419, 422. The allegations as to damages are adequate. See Stevens Co. v. Foster & Kleiser Co., 311 U.S. 255, 261, 61 S.Ct. 210, 85 L.Ed. 173; Package Closure Corporation v. Sealright Co., supra. Insofar as the defendants feel that the complaint lacks a sufficient statement of facts, they can move for bills of particulars to make it more certain or obtain more detailed information by interrogatories, deposition or discovery.

The motions to dismiss the action accordingly must be denied.