### RIVOLI OPERATING CORPORATION v. LOEW'S INC., et al.
### Civil Action No. 3394.

District Court, W. D. New York.
May 13, 1947.

Thomas C. McConnell, of Chicago, Ill., and David L. Landy, of Buffalo, N. Y., for plaintiff.

Raichle, Tucker & Moore, of Buffalo, N. Y., for defendants Paramount Pictures, Inc., Loew's Inc., Buffalo Theatres, Inc., and Broadrose Corp.

O'Brien, Driscoll, Raftery & Lawler, of New York City, for defendants United Artists Corporation and Universal Corporation.

Kimball, Smith, Miller & Murphy, of Buffalo, N. Y., for defendants Warner Bros. Pictures, Inc., and Warner Bros. Pictures. Distributing Corporation.

Schwartz & Frolich, of Buffalo, N. Y., for defendant Columbia Pictures Corporation.

Sidney B. Pfeifer, of Buffalo, N. Y., for defendant RKO Radio Pictures, Inc.

KNIGHT, District Judge.

This is a suit brought to recover damages and for an injunction on account of the alleged violation of the so-called Sherman Anti-Trust Act, 15 U.S.C.A. § 1 et seq., and the Clayton Anti-Trust Act, 15 U.S.C.A. § 12 et seq. The defendants now move for an order, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, requiring the plaintiff to furnish a more definite statement of its claims in certain respects, and pursuant to Rules 12(e), 8(a) (2), 8(e) (1), and 10(b) to set forth in the complaint a short and plain statement of the plaintiff's claim with averments simple, concise and direct by numbered paragraphs.

It suffices to make a general statement of the allegations of the Complaint.

As alleged, since 1930, the plaintiff has been the lessee of what is known as the Rivoli motion picture theatre, located at 1111 Broadway, in the city of Buffalo, New York, outside of what is termed "the down town area," as related to motion picture theatre territory.

That the defendant, Buffalo Theatres, Inc., owns, or owns an interest in, leases or operates four theatres in the "down town area" and six motion picture properties outside that, but within the city of Buffalo. The defendants, Loew's Incorporated and Paramount Pictures, Inc., each own one-third of the capital stock of the defendant Buffalo Theatres, Inc., and the defendant, Broadrose Corporation, with Buffalo Theatres, Inc., leases a single theatre, known as the "Roosevelt."

That all defendants, save Buffalo Theatres, Inc., and Broadrose Corporation, are either producers or distributors of motion picture film and control 90% of film production throughout the United States.

That the plaintiff is in competition with all the down town theatres owned, operated or leased, in part or in whole, by the Buffalo Theatres, Inc., and the "Roosevelt" theatre is plaintiff's immediate competition.

That the defendants, owners or owners of an interest in, lessees or operators of theatres in Buffalo, and the distributor defendants have entered into an illegal agreement fixing the dates for the release and clearance of first-run picture films in Buffalo after exhibition at the down town theatres of defendant, Buffalo Theatres, Inc.; that prior to 1930 none of the theatres of Buffalo Theatres, Inc., save three down town theatres played motion pictures on release dates prior to that of the plaintiff, and the plaintiff played day and date with three theatres now owned by Buffalo Theatres, Inc., outside the down town area and was treated on a parity so far as the availability of pictures is concerned.

That the defendants entered into some years ago and have continued a system for fixing the dates when first-run pictures could be run in its and independent theatres; that among the theatres owned, operated or leased by defendant Buffalo Theatres, Inc., are all of the first, second, third and fourth run of theatres in the city; that under this system of release or clearance the plaintiff and the other independents have been unable to obtain the license for exhibition of motion pictures prior to 14 days after the "Roosevelt," which has the run in the seventh week after the down town run; that the release or clearance time in the case of plaintiff runs 60 to 128 days after the conclusion of the run in the said down town theatres, and this latter run is fixed at the will of the Buffalo Theatres, Inc.

That the defendants have unlawfully conspired to monopolize the theatre business in Buffalo through the illegal system of release and clearance.

That the Rivoli is a modern theatre; that it cannot be operated unless it has first-run pictures on a competitive basis; that it has lost public patronage by reason of the agreement between the defendants as to clearances as aforesaid; and the public has been caused to pay higher prices by reason of such clearances.

That the plaintiff has requested and demanded of the defendants that it be restored to its previous run immediately after the conclusion of the down town run and that has been refused, and the plaintiff has through loss of public patronage and by reason of the unlawful monopoly

exercised by the defendants sustained a loss of $400,000 and asks treble damages.

The foregoing and other acts are set forth in the Complaint as constituting a violation of the Sherman Anti-Trust Act and the Clayton Act aforesaid. Plaintiff claims damages resulting from its loss of patronage by inability to obtain film at competitive dates.

The gravamen of this Complaint is that the defendants have conspired and are conspiring to maintain a monopoly "to illegally maintain in the City of Buffalo and its environments a system of releasing motion picture film for exhibition" by means of which the theatres in the down town area owned, operated or leased by certain of the defendants and their subsidiaries are given priority and preference in the exhibition of motion picture film over independent exhibitors, including the plaintiff, and competition of comparable and competing theatres in Buffalo not owned, leased or operated by any of the defendants is suppressed and control of admission prices effected.

The substance of the grounds for the motion to require a more definite statement is that the complaint is defective because it fails to show a causal connection between the wrongs claimed and the damages allegedly suffered. The concept of this complaint is not, as claimed, that the defendants have discriminated against the plaintiff in favor of the "Roosevelt," in giving the latter 14 days clearance over the plaintiff. It is much broader than that. It is true the plaintiff in his initial pleading must show a justiciable cause (Rule 8(a) (2) and it is not sufficient simply to assert that the defendants did wrong and the plaintiff sustained injury and thereon support a claim of causation as the indispensable link. A conspiracy is seldom disclosed by a single act. It is rather done by setting out a combination of acts or conduct in the pleading. As was said in Louisiana Farmers' Protective Union v. Great A. & P. Tea Co., 8 Cir., 131 F.2d 419, 422, "It is not necessary to set out in detail the acts complained of nor the circumstances from which the pleader draws his conclusions that violations of the acts of Congress have occurred and the pleader has been damaged." If the conspiracy to monopolize is sufficiently charged, the law is met by a general statement of damages by reason thereof. Wheeler-Stenzel Co. v. National Window Glass Jobbers' Ass'n, 3 Cir., 152 F. 864, 10 L.R.A.,N.S., 972. Directly applicable is the language of the Supreme Court in C. E. Stevens Co. v. Foster & Kleiser Co., 311 U.S. 255, 61 S.Ct. 210, 213, 85 L.Ed. 173, that: "The conspiracy, with its effect on interstate commerce, is alleged to have caused the petitioner great expense and loss of profits; to have restrained and prevented * * * 'all to the great injury and damage of the plaintiff.' * * * While these allegations are general, we cannot say that they are inadequate * * *." The defendants here cite several decisions, but so far as is seen none concerns situations or facts comparable with those here.

In Bigelow v. RKO Radio Pictures, Inc., et al., 327 U.S. 251, 66 S.Ct. 574, 90 L.Ed. 652, reversing 7 Cir., 150 F.2d 877, and affirming judgment of the District Court entered upon a trial by jury, the complaint was comparable in practically all material respects, as it seems, with the complaint in the instant suit. Five of the defendants in that suit are defendants herein. A motion was made by each of these defendants to require the plaintiff to make a more definite statement of claim or bill of particulars and to strike specified portions of the complaint. Each defendant alleged that several matters in the complaint were not averred with sufficient definiteness or particularity in order to prepare responsive pleading. The District Judge denied the motion to strike and for bills of particulars and for further pleading on the part of the plaintiff. Thereafter each of the defendants answered. While this court is not bound by the decision on the motion in the Bigelow case, it is pertinent to point out that the defendants therein were able to answer without the aid of any further pleading on the part of the plaintiff. See also: Eastman Kodak Co. v. Southern Photo Materials Co., 273 U.S. 359, 47 S.Ct. 400, 71 L.Ed. 684; Hyer v. Richmond Traction Co., 168 U.S. 471, 18 S.Ct. 114, 42

L.Ed. 547; Milwaukee & St. Paul Ry. Co. v. Kellogg, 94 U.S. 469, 24 L.Ed. 256.

In the Bigelow case the casual factors are not set forth any more clearly than they are in the instant case. Further, the complaint there alleged that the damage was occasioned "as a direct and proximate cause of the operation of the said unlawful agreement and conspiracy against the plaintiff's business," and here in the instant case it is asserted "that as a direct and proximate cause of the operation of said unlawful monopoly, conspiracy and agreement against plaintiff's business the plaintiff has through loss of public patronage to theatres owned, operated or leased by Buffalo Theatres, Inc., been subject to a net loss of earnings * * *."

The pleading meets the requirements of Rules 8(a) (2), 8(e) (1) and 10(b) of the Federal Rules of Civil Procedure. Section 8(a) (2) provides that the complaint shall contain a short and plain statement of the claim showing the right to relief; Section 8(e) (1) that every averment of the pleading shall be simple and direct and Section 10(b) that each paragraph shall consist of the statement of a single set of circumstances. The complaint could well have been couched in less extensive language with equal effect. There are therein repetitious allegations. It is not short. But the application of these rules is to be made in the light of the nature of the action. It is quite obvious that a complaint charging a conspiracy in violation of the anti-trust laws generally must contain a recital of numerous acts and circumstances. It is not a short statement of a claim as the word "short" is applied in a "pleading on contract or in negligence." United States v. Schine Chain Theatres et al., D.C., 1 F.R.D. 205, 208. That can not be the intent of the rule. In the Bigelow case the defendants sought to require the plaintiffs to amend the complaint so as to set forth in separately numbered paragraphs each separate violation of law which is charged, and, as hereinbefore indicated, this motion was denied.

Motions denied.