**F. E. MYERS & BROS. CO. v. GOULDS
PUMPS, Inc.**
Civil Action No. 2625.

District Court, W. D. New York.
Feb. 21, 1946.

Toulmin & Toulmin, of Dayton, Ohio (H. A. Toulmin, Jr., of Washington, D. C., and John S. Powers, of Buffalo, N. Y., of counsel), for plaintiff.

Winslow E. Thomson, of Rochester, N. Y. (Edwin T. Bean, of Buffalo, N. Y., of counsel), for defendant.

KNIGHT, District Judge.

Plaintiff has filed its complaint for a declaratory judgment adjudging Mann patents No. 2,257,507 and No. 2,375,571, owned by defendants, to be invalid and not infringed. Defendant served an answer and a counterclaim for infringement, at the same time making a motion to strike the averment of the jurisdictional amount in paragraph 3 of the complaint, and the references to alleged unfair competitive practices of the defendant in paragraphs 4, 19, 20, 21(a) (c) (d). (Paragraphs 21(a), (c) and (d) are in the prayer for relief.)

The unfair conduct alleged on the part of the defendant is a purported threat to conduct a campaign of notification and litigation against plaintiff and plaintiff's customers and dealers. The motion is purported to be made under Rule 12(b) and (f) of the Federal Rules of Civil Procedure 28 U.S.C.A. following section 723c and is grounded upon the failure to state a claim upon which relief may be granted in paragraph 19 of the complaint.

As an answer, as well as a reply, has been served, the motion herein under Rule 12(f) is improperly designated as a motion to strike. It may, however, be considered as a motion to dismiss under Rule 12(b) (6). Dysart et al. v. Remington Rand, Inc., D.C., 31 F.Supp. 296; United States v. Edward Fay & Son, D.C., 31 F. Supp. 413; Van Dyke v. Broadhurst, D.C., 28 F.Supp. 737; Cyc.Fed.Pro., Vol. 5, Sec. 1598.

On a motion to dismiss affidavits may be employed. Boro Hall Corp. v. General Motors Corp., 2 Cir., 124 F.2d 822; certiorari denied 317 U.S. 695, 63 S.Ct. 436, 87 L.Ed. 556. Sherover v. John Wanamaker, D.C., 29 F.Supp. 650, and Eastman Kodak Co. v. McAuley, D.C., 41 F.Supp. 873, are in conflict with this decision, but the opinion in each antedates the decision in the Boro case. We agree with the statement of Judge Clark made at the Advisory Committee Institute that: "I think motions under 12(b) may be supported by affidavits presenting relevant facts bearing upon the objections listed therein."

Whether treated as a motion to strike or to dismiss, such a motion is not favored. Leimer v. State Mutual Life Ins. Co., 8 Cir., 108 F.2d 302; Continental Collieries Inc. v. Shober, 3 Cir., 130 F.2d 631; Cyc.Fed.Pro., Vol. 5, page 424, sec. 1774 and cases cited.

No question is raised as regards the right to include a charge of unfair competition as a part of a complaint in a patent infringement suit. All of the matters arising out of the same issue may be disposed of in a single action.

Rule 12(b) (6) permits the making of a motion to dismiss for "failure to state a claim upon which relief can be granted," but it does not require that the pleadings shall state facts sufficient to constitute a cause of action. F. X. Hooper Co., Inc. v. Samuel M. Langston Co., D.C., 56 F.Supp. 577; Brown v. W. T. Grant Co., D.C., 53 F.Supp. 182; Cyc.Fed.Pro. Vol. 5, page 424, sec. 1774. Ultimate facts and details of evidence are not required to be shown. Dioguardi v. Durning, 2 Cir., 139 F.2d 774.

The complaint alleges that plaintiff is being damaged and threatened with further damage by reason of the notice given it that it infringes and because this notice is directed, also, to its customers. We believe the complaint sufficiently states a claim upon which relief for unfair competition may be granted. Leach v. Ross Heater & Mfg. Co., 2 Cir., 104 F.2d 88; E. Edelmann & Co. v. Triple-A Specialty Co., 7 Cir., 88 F.2d 852; A. L. Smith Iron Co. v. Dickson, 2 Cir., 141 F.2d 3. Where it appears that the defendant will not be unduly prejudiced, the courts will be cautious to disturb a pleading. Groves et al. v. Paden City Glass Mfg. Co., D.C., 2 F.R.D. 300; Randolph Laboratories, Inc. v. Specialties Development Corp. et al., D.C., 62 F.Supp. 897. The letter of May 17, 1945, from the defendant is sufficient to show a threat to the plaintiff. On the other hand, we doubt that plaintiff's affidavit is sufficient to sustain the claim for unfair competition based on a notice to the customers of the plaintiff.

Plaintiff asserts that it appears that defendant "intends to conduct this campaign against the dealers and customers rather than resort to the court for the determination of its rights." All there is to support

134

this assertion is that part of defendant's letter of October 3, 1945, which states: "attention to the fact that distributors and dealers are liable for patent infringement and we have the right to warn them of this fact."

 No notice of infringement has been sent to any customers. Threatened action may be restrained once jurisdiction has been obtained. United States G. & P. E. Corp. v. Hanson-Van Winkle-Munning Co., 4 Cir., 104 F.2d 856, 861; Betmar Hats, Inc. v. Young American Hats, Inc. et al., 2 Cir., 116 F.2d 956; Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148. But it seems doubtful whether there is any showing of a threat here.

However, whether this is a correct conclusion is of no importance here. We are not here considering the question of the right of the plaintiff to an injunction. Upon the trial of the issue of unfair competition, under the complaint as now made, plaintiff will be entitled to make additional proofs.

The allegations of the complaint relative to unfair competition being held to be sufficient, they must be taken as true in disposing of this motion. Defendant asserts that it has not joined issue on the question of unfair competition; that it has answered as to only the claim of infringement. Assuming this to be the fact, the allegation as to unfair competition is undenied. Of course, this is all based upon the conclusion that the pleading is sufficient. Again, assuming that the plaintiff has not answered as to claim for relief for unfair competition, it still remains true that the motion could not be sustained as a motion to strike, because not made within the period prescribed by section 12(f).

It is not seen that the provisions of the Revised Statutes, sec. 4884, 35 U.S.C.A. § 40, and Revised Statutes, sec. 4921, 35 U.S.C.A. § 70, have any bearing on the question here involved. Those sections merely describe the patent instrument, specify its limitation period and fix the power of the court to grant injunctions. Revised Statutes, sec. 4900, 35 U.S.C.A. § 49, prescribes that notice to the public shall be given in specific ways. Each of these statutes is based upon an assumedly valid patent. Neither is concerned with the right of suit against a patentee for infringement or unfair competition.

Whether the plaintiff is entitled to injunctive relief, temporary or permanent, must depend upon the course of the further proceedings in this suit.

The motion herein is denied.