**VAN KIRK et al. v. CAMPBELL et al.**

District Court, S. D. New York.
Sept. 24, 1946.

Pomerantz, Levy, Schrieber & Haudek and Joseph T. Arenson, all of New York City, for plaintiffs.

Whitman, Ransom, Coulson & Goetz, of New York City, for defendants Robert E. Coulson and James Foundation of N. Y., Inc.

Pierce & Greer, of New York City, for defendant Western Pac. R. Corp. and others.

HULBERT, District Judge.

The defendant, Robert E. Coulson moves under Rule 12(b) (6), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for an order dismissing the complaint for failure to state a claim against him upon which relief can be granted, and under Rule 56, Federal Rules of Civil Procedure, for summary judgment, on the ground that he is not, and was not, at the time of the occurrence of the transactions complained of in the complaint, an officer or director of the defendant, Western Pacific Railroad Corporation.

Defendant, James Foundation of New York, Inc., moves under Rule 12(b) (6) for dismissal of the complaint for failure to state a claim against it upon which relief can be granted, and on the further ground, that the Chase National Bank of of New York, Central Hanover Bank & Trust Company and the Western Realty Company, are indispensable parties in respect to the first cause of action alleged in the complaint, and have not been made parties to this action.

There is a distinction between a complaint failing to set forth a cause of action and failing to state a claim upon which relief can be granted. Dioguardo v. Durning, 2 Cir., 139 F.2d 774; Bach et al. v. Quigan, D.C., 5 F.R.D. 34.

If a claim is stated which shows that the pleader is entitled to relief, it is enough to require the service of a responsive pleading; whether a cause of action can be and has been established is for the determination of the trial judge.

In considering the pending motions the court must consider the allegations of the complaint in a light most favorable to the plaintiff. Craftsman Finance & Mortg. Co. v. Brown, D.C., 64 F.Supp. 168. The Court is satisfied that a claim is stated against the moving defendants upon which relief can be granted. In so stating it is not necessarily, of course, to be inferred that the plaintiff will be successful at the trial.

Whether the two Banks and the Realty Company are indispensable parties, in respect to the first cause of action, because of an agreement dated Nov. 22, 1943 may well depend upon the surrounding facts and circumstances leading up to the making of that agreement. Because of this uncertainty, and other issues raised by the pleadings which give rise to factual issues, it would certainly be more equitable to have a hearing on the merits before deciding such an issue.

Moreover, the court deems to be present an issue of fact respecting the con-

tention in the complaint that the defendant Coulson was an officer and director of the Western Pacific Railroad Corp., at the time of the transactions complained of in the complaint. The pleadings put this in issue.

Trial judges have been admonished to exercise great care in granting motions for summary judgment. Doehler Metal Furniture Co. v. United States, 2 Cir., 149 F.2d 130; Arnstein v. Porter, 2 Cir., 1946, 154 F.2d 464.

"Doubt as to the existence of a genuine issue of material fact must be resolved against the party moving for a summary judgment." Hawkins v. Frick-Reid Supply Corp., 5 Cir., 154 F.2d 88, 89.

Motions denied. Settle order on notice.