### OSBORN v. ENGLEMAN et al.

### No. 5625.

United States District Court
W. D. Missouri, W. D.

July 29, 1949.

Carl H. Willbrand and Bellemere & Bellemere, Kansas City, Mo., for plaintiff.

Morrison, Nugent, Berger, Hecker & Buck, Kansas City, Mo., for defendants.

REEVES, Chief Judge.

This is an action for alienating the affections of a wife. It is charged by plaintiff that the defendants are doing business as Central Boarding & Supply Company and in such capacity they supply various railroads with help for construction camps. In their operations, it is charged that in the spring of 1948 they employed the plaintiff's wife as a secretary and at the same time they employed one Walter Addie as a cook. There is an averment that both of these parties were employed as "Walter Addie and Ella A. Addie, husband and wife." It is further charged that the defendants knew that Ella A. Osborn was the wife of plaintiff at the time of such employment.

Plaintiff asks punitive as well as actual damages upon the grounds that the acts of the defendant "were unlawful, malicious and unwarranted."

Upon this complaint the defendants have moved to dismiss upon the grounds that plaintiff's petition "has failed to state a claim upon which relief can be granted."

1. It is the rule in enticement and alienation cases that the action lies only in those cases where the wife has been enticed away and her affections alienated. There is no averment in this complaint that plaintiff's wife was enticed away. There is an averment "that the affections of his said wife have been alienated and destroyed by said acts" but the acts referred to were the mere employment of plaintiff's wife as a secretary and the employment of Walter Addie as a cook, and the employment of both of them as husband and wife. It is charged that the defendants knew that they were not husband and wife. It does not appear from any averment that the defendants enticed or induced plaintiff's wife to leave him or that the employment was an inducement to leave her husband.

2. It is a rule in cases of this character that the motive of the defendant is a controlling element on questions of liability, and it must appear that the defendants acted from improper motives and that such motives involved an intent and design to effect an alienation. The defendants had a right to employ plaintiff's wife and there was nothing inherently wrong in such employment. While it is averred by the plaintiff that the defendants knew that plaintiff's wife and Walter Addie were not husband and wife, yet they employed them in such capacity or relationship. There are no averments to indicate that the defendants had any motive or purpose in their acts to work harm or wrong to the plaintiff.

The rule is well stated in DeFord v. Johnson, 152 Mo.App. 209, loc. cit. 214, 133 S.W. 393, 396, where the court quoted from respectable authority as follows: "'The general rule is that there is no ground for an action where a spouse voluntarily gives his or her affections to another; the latter doing nothing wrongfully to win such affections. To support an action for alienating a husband's or wife's affections, it must be established that the defendant is the enticer.'"

Again: "'To entitle the plaintiff to recover in an action for alienating affections, the burden of proof is upon the plaintiff, and the plaintiff must show that there was a direct interference upon the part of the defendant * * *.'"

3. This is quite an unusual case for the reason that the charges against the de-

fendants are acts of employment, and not enticing plaintiff's wife away because of infatuation.

4. William Addie is not made a party and it is not alleged that the defendants aided and abetted him in alienating the affections of plaintiff's wife.

 Ordinarily cases should not be dismissed if it appears from all the averments that the plaintiff might be able to state a cause of action. It does not so appear in this case and for that reason the motion to dismiss will be sustained.