**AMERICAN SHIP BLDG. CO. v. KIRK.**

Civil Action No. 9520.

United States District Court,
W. D. Pennsylvania.

June 8, 1951.

Harold R. Schmidt, Roy Thomas Clark, Rose, Eichenauer & Rose, Pittsburgh, Pa., for plaintiff.

Tice F. Ryan, Jr., Bialas & Ryan, Pittsburgh, Pa., for defendant.

STEWART, District Judge.

The plaintiff filed this action claiming damages by reason of a breach of contract and of warranty on the part of the defendant. The case is before the court on

defendant's motion for a more definite complaint under Rule 12(e) of the Federal Rules of Civil Procedure, 28 U.S.C.

The requirements with respect to particularity of a complaint under the Federal Rules of Civil Procedure are clear. Rules 8(a) and 8(e) govern claims for relief and provide, in part, as follows:

"(a) Claims for Relief. A pleading which sets forth a claim for relief, * * * shall contain * * * (2) a short and plain statement of the claim showing that the pleader is entitled to relief * * *.

"(e) Pleading To Be Concise and Direct; * * * (1) Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required. * * *"

■ A complaint which meets these requirements is sufficient except where, as provided in Rule 12(e), the pleading "* * * is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading * * *". The theory of pleading under the Federal Rules of Civil Procedure has been stated by the courts on many occasions. The United States Court of Appeals for the Third Circuit, in Continental Collieries, Inc., v. Shober, Jr., 3 Cir., 1942, 130 F.2d 631, at page 635, expressed it as follows:

"Under the Federal Rules of Civil Procedure the function of the complaint is to afford fair notice to the adversary of the nature and basis of the claim asserted and a general indication of the type of litigation involved. * * * Technicalities are no longer of their former importance, and a short statement which fairly gives notice of the nature of the claim is a sufficient compliance with the requirements of the rules."

This case has been followed frequently by the courts and recently in the case of United States v. Kornfeld, M.D.Pa.1950, 9 F.R.D. 675.

■ It is the opinion of the Court that the complaint in this case satisfies the requirements of particularity and that it is sufficiently definite to enable the defendant to frame an answer. Further, an analysis

of defendant's motion shows that the information sought involves technicalities not required to be pleaded under the Federal Rules of Civil Procedure, and is either evidentiary in character or a matter of affirmative defense.