## SHAPIRO v. ROYAL INDEMNITY CO.

### Civ. No. 9285.

United States District Court
W. D. Pennsylvania.
Oct. 25, 1951.

802

Max U. Applebaum, Pittsburgh, Pa., for plaintiff.

James J. Burns, Jr., Pittsburgh, Pa., for defendant.

STEWART, District Judge.

Plaintiff, as trustee in bankruptcy, brings this action pursuant to §§ 60, sub. b, 70, sub. a(4) and 70, sub. e(2) of the Bankruptcy Act, 11 U.S.C. §§ 96, sub. b, 110, sub. a(4) and 110, sub. e(2), respectively, to recover a sum of money allegedly constituting a voidable preference under § 60 of the Bankruptcy Act. Defendant, prior to filing an answer, moved to dismiss the complaint on the ground that it fails to state a claim upon which relief can be granted.

Although defendant asserts various reasons in support of its motion, they all involve the proposition that the plaintiff has not alleged sufficient facts to constitute a cause of action. For this reason, these contentions will not be treated separately or in detail. The function of a complaint under the Federal Rules of Civil Procedure, 28 U.S.C. is to afford fair notice to the adversary of the nature and basis of the claim asserted and a general indication of the type of litigation involved. Continental Collieries, Inc., v. Shober, 3 Cir., 1942, 130 F.2d 631; American Ship Building Company v. Kirk, D.C.W.D.Pa.1951, 11 F.R.D. 366. Rule 8(a)(2) provides that a pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief".

Rule 12(b)(6) provides that a defense may take the form of a motion to dismiss where the complaint fails to "state a claim upon which relief can be granted". Therefore, the complaint must give the defendant notice of a claim upon which relief can be granted or be subject to dismissal on the defendant's motion. However, it need not state facts sufficient to constitute a cause of action. Asher v. Ruppa, 7 Cir., 1949, 173 F.2d 10; Dioguardi v. Durning, 2 Cir., 1944, 139 F.2d 774; Continental Collieries, Inc., v. Shober, supra; Osborn v. Engleman, D.C.W.D.Mo. 1949, 85 F.Supp. 228; F. E. Myers & Bros. Co. v. Goulds Pumps Inc., D.C.W.D.N.Y. 1946, 5 F.R.D. 132; Camrel Co. v. Skouras Theatres Corporation, D.C.N.J.1944, 57 F. Supp. 811. For the purpose of a motion to dismiss a complaint, there is a distinction between a failure to set forth facts constituting a cause of action and a failure to state a claim upon which relief can be granted. Van Kirk v. Campbell, D.C. S.D.N.Y.1947, 7 F.R.D. 231. Consequently, the question for determination is whether the complaint states a claim upon which relief can be granted.

On a motion such as this, it is settled law that the complaint should be construed in the light most favorable to the plaintiff with all doubts resolved in his favor and the allegations accepted as true. Asher v. Ruppa, supra; Cool v. International Shoe Co., 8 Cir., 1944, 142 F.2d 318. No matter how unlikely it may seem that the pleader will be able to prove his case, he is entitled, upon averring a claim, to an opportunity to try to prove it. Continental Collieries, Inc., v. Shober, supra.

In this action, the plaintiff alleges that the bankrupt assigned to the defendant a right to the proceeds of a contract then existing between the bankrupt and a third party; that the defendant received the proceeds; and that this transaction constituted a voidable preference under § 60 of the Bankruptcy Act. If the transfer constituted a voidable preference, the plaintiff has a claim upon which relief can be granted. Therefore, defendant's motion to dismiss the complaint must be denied.

If facts exist which prevent the transfer from being a voidable preference or which

substantiate defendant's prior right to the proceeds involved as argued by defendant's counsel, they may be set forth in the answer but they are not properly before the Court at this time.