### HIRSHHORN v. MINE SAFETY APPLIANCES CO. et al.

No. 2811.

United States District Court
W. D. Pennsylvania.

Dec. 12, 1951.

John B. Doyle, New York City, H. Preston Coursen, E. A. McGuire, all of New York City, Walter M. Newman, Walker & Newman, all of Pittsburgh, Pa., for plaintiff.

Charles E. Kenworthey, Elder W. Marshall, Paul E. Hutchinson, and Reed, Smith, Shaw & McClay, all of Pittsburgh, Pa., for defendants Mine Safety Appliances Co., George H. Deike, William P. Yant, John F. Beggy, John T. Ryan, Jr., Howard Zacharias and John T. Ryan, Jr. and John F. Beggy, Administrators of Estate of John T. Ryan, Deceased.

Joseph F. Weis, Pittsburgh, Pa., for defendant Catalyst Research Corp.

Robert M. Entwisle, Pittsburgh, Pa., for defendant Carbon Monoxide Eliminator Corp.

W. Denning Stewart, Pittsburgh, Pa., pro se.

Paul Ginsburg, Pittsburgh, Pa., for petitioners for intervention.

STEWART, District Judge.

Plaintiff, a stockholder in Carbon Monoxide Eliminator Corporation, brought this action on his own behalf and on behalf of other stockholders of Carbon Monoxide Eliminator Corporation to require an accounting of profits allegedly diverted from Carbon Monoxide Eliminator Corporation and Catalyst Research Corporation to the Mine Safety Appliances Company. The named defendants are various participants in this alleged diversion of profits. By reason of the ownership by Carbon Monoxide Eliminator Corporation of stock in Catalyst Research Company, this action constitutes a double derivative stockholders' action in addition to an ordinary single derivative action. It has been so treated by both parties. In fact, the defendants moved to dismiss the complaint on the ground that the plaintiff does not have sufficient interest in Catalyst Research Corporation by reason of his ownership of stock in Carbon Monoxide Eliminator Corporation to maintain this action on behalf of Catalyst Research Corporation. In denying this motion to dismiss, Judge Schoonmaker held that this double derivative action may be maintained since the affairs of the parent and subsidiary were so interwoven as to dictate penetration of the corporate veil, stating that it is the element of control which determines the double derivative right. D.C.1944, 54 F.Supp. 588.

The original complaint was filed on December 7, 1943. Shortly thereafter, the answers of the defendants were filed. Finally, after numerous proceedings, this Court on January 12, 1951 set the trial for September 18, 1951. On August 30, 1951, plaintiff presented a motion for leave to amend the original complaint in certain particulars. Defendants have objected to some of the amendments requested. In addition, Vladimir Behr and Anne Livingston Behr have presented a motion for reconsideration of their motion filed January 31, 1951 and of their amended motion filed February 23, 1951 for leave to intervene; both of which were denied. These two motions—the motion to amend the complaint and the motion for leave to intervene—constitute the matters now before the Court for disposition.

Plaintiff's motion for leave to amend will be considered first. Rule 15(a) of the Federal Rules of Civil Procedure, 28

U.S.C. provides, in part: "A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

A responsive pleading has been filed so that we must determine whether justice requires that leave to amend be granted. Numerous cases under this rule have made it clear that the right to amend a pleading is addressed to the discretion of the Court and that great liberality in the allowance of amendments is desired where it is necessary to bring about a furtherance of justice. U. S. v. Koike, 9 Cir., 1947, 164 F.2d 155; Frank Adam Electric Co. v. Westinghouse Electric & Mfg. Co., 8 Cir., 1945, 146 F.2d 165; Wilson v. Lamberton, 3 Cir., 1939, 102 F.2d 506; Snyder v. Dravo Corporation, D.C.W.D.Pa.1947, 6 F.R.D. 546. This is especially true where the presentation of the merits will be subserved and where it is not shown that the allowance of the amendment would prejudice the opposing party. McDowall v. Orr Felt & Blanket Co., 6 Cir., 1944, 146 F.2d 136; Tahir Erk v. Glenn L. Martin Co., 4 Cir., 1941, 116 F.2d 865; Snyder v. Dravo Corp., supra; Overfield v. Pennroad Corporation, D.C.E.D.Pa.1941, 39 F.Supp. 482.

 Another factor which has been considered by the courts in ruling on a motion to amend is the timeliness of the motion. Frank Adam Electric Co. v. Westinghouse Electric & Mfg. Co., supra; Canister Co. v. National Can Corporation, D.C.D. Del.1946, 6 F.R.D. 613. No time is prescribed in Rule 15a for amendments by leave of court so that the question of timeliness of the motion to amend and laches of the moving party are merely elements to be considered by the court in the exercise of its discretion. See 1 Barron & Holtzoff, Federal Practice and Procedure § 446 (Rules Ed. 1950). The primary question is whether or not the allowance of the amendment will work injustice upon any of the parties.

 Defendants object to the amendments sought with respect to paragraphs 15 and 22(i) of the complaint. No objection is made to any of the other amendments requested. Plaintiff seeks leave to amend paragraphs 15 and 22(i) so that the words of the following paragraphs which are underlined are inserted and so that the words enclosed in parentheses are deleted:

"*Paragraph 15*—

Since its organization, defendant Carbon Monoxide has been engaged in research for the development of catalysts for the treatment of exhaust gases from internal combustion engines and *Catalyst Corporation has been so engaged in the development of catalysts and chemical ingredients and compounds* for use in breathing apparatus to be used at sea and in high altitudes, and other uses, and, as a result of such research, *both said corporations have* (has) become the *owners* (owner) of various patents in connection with apparatus for the treatment of such exhaust gases and various patents in connection with said breathing apparatus, and other kindred patents."

"*Paragraph 22(i)*—

In or about June, 1939, wrongfully induced Dr. Carey B. Jackson to assign to defendant Mine Safety a device invented by said Jackson during the time he was employed by defendant *Catalyst Corporation* (Carbon Monoxide), which device is used in breathing apparatus used at sea and at high altitudes, and which device defendant Mine Safety has used in performing contracts with the United States Government which have resulted in huge profits to defendant Mine Safety which actually belong to defendant *Catalyst Corporation* (Carbon Monoxide)."

Defendants urge that the plaintiff's motion should be denied for three reasons: (1) it is not timely; (2) defendants will be prejudiced if the amendment is allowed; and (3) the amended pleading is legally insufficient to state a claim for relief insofar as plaintiff's claim as amended is barred by laches.

As pointed out heretofore, timeliness is but one of the elements to be considered by the court in determining whether any injustice to the defendants will result. Defendants' first reason for denial of the amendment is, therefore, embraced in their second. Defendants' third contention likewise relates to the manner in which the defendants would be prejudiced by the amendment. We must determine, therefore, to what extent the defendants will be prejudiced by the allowance of the proposed amendment. Defendants argue that (1) a new cause of action is alleged in the amended pleading; (2) the new cause of action is barred by laches; and (3) an amendment would require a change in evidentiary plans on the eve of trial.

It seems to us that the amendments objected to add little, if anything, to the claim as originally stated. Paragraph 16 of the original complaint reads as follows: "16. Since its organization, defendant Catalyst Corporation has been engaged in similar research for industrial, military, and marine safety devices, and has become the owner of various patents in connection therewith."

The research outlined in paragraph 15 is incorporated into paragraph 16 by the words "similar research". Although it may be contended that these words are ambiguous and do not incorporate all of the research outlined in paragraph 15, we are of the opinion that a construction that they do so incorporate all is a possible one. That is sufficient. Certainly a clarification of the complaint will not prejudice the defendants. See Anderson v. Abbott, D.C. W.D. Ky. 1945, 61 F.Supp. 888. This reasoning is equally applicable to the proposed amendment to paragraph 15 with respect to the ownership of patents. Paragraph 16 alleges that Catalyst Research Corporation has become the owner of various patents in connection with *similar research* for industrial, military and marine safety devices. We cannot say that the scope of this is any more limited than the scope of the research outlined in paragraph 15.

In this connection, it may be noted that the function of a complaint under the Federal Rules of Civil Procedure is to afford fair notice to the adversary of the nature and basis of the claim asserted and a general indication of the type of litigation involved. Continental Collieries, Inc., v. Shober, 3 Cir., 1942, 130 F.2d 631; American Ship Building Company v. Kirk, D.C. W.D. Pa. 1951, 11 F.R.D. 366. Rule 8(a) requires that the pleading contain a short and plain statement of the claim showing that the pleader is entitled to relief and Rule 8(e) requires that the pleading be simple, concise and direct. Rule 8(e) further provides that no technical forms of pleading are required. We feel that the amendment of paragraph 15 which is requested does not change the nature and basis of the claim asserted and that it should be allowed in the interest of assuring a determination of the controversy upon the merits and not upon procedural niceties.

Furthermore, even if the proposed amendment to paragraph 15 should be construed as stating a new claim for relief, the result would be the same. The right to plead new claims by amendment is inferentially recognized by subdivision (c) of Rule 15 and confirmed by the Supreme Court of the United States in Freeman v. Bee Machine Co., Inc., 1943, 319 U.S. 448, 63 S.Ct. 1146, 87 L.Ed. 1509. Once again, it is merely one element to be considered in determining whether or not the adversary will be prejudiced by the allowance of the amendment. Defendants argue that this new claim for relief is barred by laches since it is filed several years after the events complained of. Some of the events complained of appear to be continuing in nature. However, assuming that they are not, the Court must determine whether an amendment should be allowed which states a new claim for relief and which would be barred by laches if filed as a new action.

Rule 15(c) provides: "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

Although several cases have been decided under this Rule, it seems to us that the Rule

itself sets forth the underlying test. An examination of cases decided under the Rule demonstrates that the tests outlined therein by the various courts substantially constitute a restatement of the Rule itself even though sometimes couched in different words. See, 1 Barron and Holtzoff § 448 (Rules Ed. 1950). It seems to us that any new claim, if such exists, created by the proposed amendment to paragraph 15 is one which, at least, "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading". Therefore, the proposed amendment to paragraph 15 should be allowed whether or not it be treated as creating a new claim for relief. Defendants had notice of the general nature of the claim asserted, the general wrong suffered, and the general conduct causing this wrong. For these reasons, we conclude that the defendants will not be prejudiced by an allowance of the amendment to paragraph 15.

■■■■ The proposed amendment to paragraph 22(i) must also be allowed for the reason that it represents merely a change in a factual allegation without changing the general claim or claims for relief asserted. However, even if the amendment to paragraph 22(i) be treated as stating a new claim for relief, we conclude that this amendment should be allowed for the reasons set forth above in passing on the same question with respect to paragraph 15.

Plaintiff's general claim for relief is set forth in paragraph 21 of the complaint which reads as follows: "21. On information and belief, defendant Mine Safety, and the individual defendants who were officers and directors thereof, pursuant to a plan and conspiracy, acquired control of defendants Carbon Monoxide and Catalyst Corporation and operated the same as mere instrumentalities to enable defendant Mine Safety to use the assets and powers of defendants Carbon Monoxide and Catalyst Corporation, without cost or risk to itself, and for its own benefit, gain and advantage; to acquire the exclusive rights in any patents which resulted from research by defendants Carbon Monoxide and Catalyst Corporation and thus to advance the interests of defendant Mine Safety to the dam-

age, loss and detriment of defendants Carbon Monoxide and Catalyst Corporation and to the minority stockholders thereof."

Paragraph 22(i) is merely a specific factual allegation tending to establish the general claim for relief outlined in paragraph 21. The allegation in paragraph 22(i) is an unnecessary one since under the Federal Rules of Civil Procedure a complaint need not state facts sufficient to constitute a cause of action but need only allege a claim upon which relief can be granted. Asher v. Ruppa, 7 Cir., 1949, 173 F.2d 10; Dioguardi v. Durning, 2 Cir., 1944, 139 F.2d 774; Continental Collieries, Inc., v. Shober, supra; Shapiro v. Royal Indemnity Co., D.C.W.D. Pa. 1951, 100 F. Supp. 801; Osborn v. Engleman, D.C.W.D. Mo. 1949, 85 F.Supp. 228; F. E. Myers & Bros Co. v. Goulds, D.C.W.D. N.Y. 1946, 5 F.R.D. 132; Camrel Co. v. Skouras Theatres Corporation, D.C.D. N.J. 1944, 57 F.Supp. 811.

Therefore, it would have been proper for plaintiff to attempt to establish, at the trial of this case, the facts originally alleged in paragraph 22(i) of the complaint in an effort to prove the claim for relief set forth in paragraph 21 even though no specific allegation had been made. Although the proposed amendment to paragraph 22(i) would constitute a change in this factual allegation, it would not constitute a change in the claim for relief set forth in paragraph 21; but, on the contrary, it would fall within the scope of that claim for relief. Since plaintiff could have attempted to establish at the trial of the case one of these sets of facts without a specific allegation to that effect and since the claim for relief is not changed, it seems to us that the defendants cannot be prejudiced by the allowance of this amendment to paragraph 22(i). All that the proposed change to paragraph 22(i) will do is to relate that factual allegation to a different phase of the claim for relief asserted in paragraph 21. If the claim alleged in paragraph 21 did not relate to a diversion of profits from both Carbon Monoxide Eliminator Corporation and Catalyst Research Corporation, the result might well be different.

Finally, defendants argue that neither of these amendments should be allowed for the reason that it will require a change in evidentiary plans on the eve of trial. Since it seems to us that no new claim for relief is alleged by these proposed amendments for the reasons indicated heretofore, we feel that little change in evidentiary plans will be necessary and inasmuch as the defendant had notice of the proposed amendments on August 24, 1951 and the trial has been postponed until January 7, 1952, we do not believe that an allowance of the proposed amendments will prejudice the defendants on this ground.

The petition for leave to intervene remains for disposition. A similar motion to intervene filed on behalf of the same petitioners was denied with prejudice to renew the same by Judge Marsh of this Court in an order dated February 23, 1951, and this order was affirmed, per curiam, by the Court of Appeals, 3 Cir., 190 F.2d 675.

Consequently, this order constitutes the rule of the case in this respect and the Court, at this time, should consider only circumstances which have arisen since the date of the order denying the petition. U. S. v. Davis, D.C.S.D. N.Y. 1933, 3 F.Supp. 97. Petitioners have argued that two such new matters support their position. First, they contend that plaintiff's objections to intervention are nullified by the fact that the United States has served notice on the parties to the effect that the United States interposes no objection to the motion for leave to intervene; and second, they argue that the fact that the plaintiff filed the motion for leave to amend the complaint at this late date shows that the petitioners' rights are inadequately protected.

It seems obvious that the first item can have no bearing whatsoever on the intervention, and inasmuch as we have granted the plaintiff's motion, we feel that the second item, standing alone, is not sufficient to show that petitioners' rights are inadequately represented. Furthermore, it may be noted that Rule 23(b)(1) requires that a plaintiff in a stockholders's derivative action be "a shareholder at the time of the transaction of which he complains or that his share thereafter devolved on him by operation of law". This requirement is equally applicable to intervenors. Winkelman v. General Motors Corporation, D.C. S.D. N.Y. 1942, 44 F.Supp. 960. See 2 Barron and Holtzoff § 568 (Rules Ed. 1950).

Although petitioners did not become stockholders until about three years after the complaint in this case was filed, they appear to contend that they should be allowed to intervene at this time since the claim for relief asserted in the complaint is a continuing one and that therefore they will satisfy the requirement of Rule 23(b)(1) at least as to that portion of the claim arising after the purchase date of their stock. Even though petitioners' contention be treated as correct, which we do not now decide, we conclude that the petition should be denied for the reason that permission to intervene for a portion of the claim only would tend to create confusion at the trial. For this and other reasons set forth heretofore, we hold that the petition for leave to intervene filed on behalf of Vladimir Behr and Anne Livingston Behr must be denied.