**TOBIN v. WKRZ, Inc.**
**Civ. No. 9909.**

United States District Court
W. D. Pennsylvania.
Jan. 18, 1952.

See also, 12 F.R.D. 200.

William S. Tyson, Sol., Washington, D. C., Ernest N. Votaw, Regional Atty., Philadelphia, Pa., for plaintiff.

Kenneth E. Rennekamp, Pittsburgh, Pa., for defendant.

STEWART, District Judge.

Plaintiff brought this action on behalf of a former employee of the defendant to recover unpaid minimum wage compensation due under the provisions of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. The case is now before the Court on defendant's motion for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, 28 U.S.C. following § 723c.

200

Subsequent to the filing of defendant's motion, plaintiff filed an amended complaint in an effort to satisfy defendant's objections. However, the defendant argues that the original complaint, together with the amendment, shows that, in certain weeks, there was no violation of the minimum wage provision of the Fair Labor Standards Act. Plaintiff, on the other hand, argues that defendant's calculations of amount with respect to the minimum wages are wrong, and that, in any event, such a position is a matter of defense and should not be raised on a motion for a more definite statement.

The requirements with respect to the particularity of a complaint under the Federal Rules of Civil Procedure are clear, and have been set forth by this Court in the case of American Ship Building Co. v. Kirk, D.C.W.D.Pa.1951, 11 F.R.D. 366. It is our opinion that the complaint in this case satisfies the requirements of particularity and that it is sufficiently definite to enable the defendant to frame an answer. Furthermore, we agree with the plaintiff that the objection raised by the defendant is a matter of defense to be pleaded and does not constitute a valid reason for requiring a more definite statement.

Therefore, defendant's motion for a more definite statement will be denied.

See also 12 F.R.D. 199.