## UNITED STATES GUARANTEE CO. v. MOUNTAINEER ENGINEERING CO. et al.

### No. 9789.

United States District Court
W. D. Pennsylvania.
June 3, 1952.

Arthur G. Stein, Dickie, McCamey, Chilcote, Reif & Robinson, Pittsburgh, Pa., for plaintiff.

Howard I. Scott; Kountz, Fry & Meyer, Pittsburgh, Pa., for defendant.

STEWART, District Judge.

Plaintiff brought this action seeking recovery on two indemnity agreements executed between the plaintiff and the various defendants. The individual defendants (the Parkmans) have filed motions to dismiss, motions for a more definite statement, motions to strike paragraph 13 of the complaint, and motions for severance as to each of them. In addition, motions for a more definite statement have been filed on behalf of each of the corporate defendants.

The motions to dismiss and the motions for a more definite statement relate to the sufficiency of the complaint and may be considered together. The function of a complaint under the Federal Rules of Civil Procedure, 28 U.S.C.A. is to afford fair notice to the adversary of the nature and basis of the claim asserted and a general statement of the type of litigation confronting the defendants. Continental Collieries, Inc. v. Shober, 3 Cir., 1942, 130 F.2d 631; American Ship Building Co. v. Kirk, D.C. W.D.Pa.1951, 11 F.R.D. 366. A complaint which performs this function is sufficient except where, as provided in Rule 12(e), the pleading "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading * * *". American Ship Building Co. v. Kirk, supra.

Rule 8(a) (2) provides that a pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief". Rule 12(b) (6) provides that a defense may take the form of a motion to dismiss where the complaint fails to "state a claim upon which relief can be granted". Therefore, a complaint must give the defendant notice of a claim upon which relief can be granted or

be subject to dismissal on the defendant's motion. Shapiro v. Royal Indemnity Co., D.C.W.D.Pa.1951, 100 F.Supp. 801. Also, a complaint must contain a statement of the claim in sufficiently clear terms to enable the defendant to frame a responsive pleading but need not allege facts sufficient to constitute a cause of action. Asher v. Ruppa, 7 Cir., 1949, 173 F.2d 10; Continental Collieries, Inc. v. Shober, supra; Shapiro v. Royal Indemnity Co., supra. For the purpose of passing on a motion to dismiss a complaint, there is a distinction between a failure to set forth facts constituting a cause of action and a failure to state a claim upon which relief can be granted. Shapiro v. Royal Indemnity Co., supra; VanKirk v. Campbell, D.C.S.D.N.Y. 1946, 7 F.R.D. 231. The question for our determination on defendants' motions to dismiss and for a more definite statement is, therefore, whether the complaint contains a statement of a claim upon which relief can be granted in sufficiently clear terms to enable the defendants to frame a responsive pleading. On a motion to dismiss, it is settled law that the complaint should be construed in the light most favorable to the plaintiff with all doubts resolved in his favor and the allegations accepted as true. Cool v. International Shoe Co., 8 Cir., 1944, 142 F.2d 318; Shapiro v. Royal Indemnity Co., supra. No matter how unlikely it may seem that the pleader will be able to prove his case, he is entitled, upon averring a claim, to an opportunity to try. Continental Collieries, Inc. v. Shober, supra.

■ The plaintiff alleges in its complaint that it agreed to act as surety for the defendants, that the defendants agreed to indemnify the plaintiff from loss which might arise in connection with the plaintiff's obligation as surety, that plaintiff executed certain surety bonds on behalf of the defendants, that the plaintiff was compelled to pay certain sums by reason of default of the defendants and that the defendants have failed and refused to indemnify the plaintiff. The plaintiff further avers that the corporate defendants are "in fact mere nominal entities" and a guise for the activities of the individual defendants, and that all of the defendants in the performance of the contracts for which plaintiff became surety were acting jointly and severally and as a single entity. This last allegation contained in Paragraph Thirteen of the complaint is intended to assert liability on the part of the individual defendants by disregarding or overriding the corporate entities. Defendants contend that the allegation does not allege sufficient facts to justify overriding the corporate conception. As already pointed out, it is not incumbent upon the pleader to allege facts which will justify the relief sought. Moreover, with respect to the defendant G. M. S. Parkman, there is a further reason for denial of the motion to dismiss in that she appears as an individual party to one of the indemnity agreements attached to the complaint.

For the reasons set forth above, and for the further reason that in our opinion the complaint is sufficiently clear to enable the defendants to frame a responsive pleading, the motions for a more definite statement will likewise be denied.

■ The individual defendants have moved to strike paragraph 13 of the complaint on the ground that it is immaterial, impertinent and scandalous. Paragraph 13 reads as follows:

"13. Plaintiff further avers that the defendants Mountaineer Engineering Company, Inc. and Mountaineer Contracting Company, Inc. were in fact mere nominal entities and, in fact, a guise for the activities of the defendants George Parkman, Jr. and G. M. S. Parkman, and it is further averred that all of the contracts for which the plaintiff herein became surety were undertaken by all of the defendants, jointly and severally, operating in fact as one entity."

This paragraph is material and pertinent to the issue of the liability of the individual defendants and does not contain scandalous or impertinent matter. Certainly, this allegation supports the claims against the individual defendants. Without it, we would

be required to grant the motion to dismiss with respect to George Parkman, Jr. For these reasons the motion to strike paragraph 13 will be denied.

■ Motions for severance have been filed on behalf of the individual defendants alleging that the complaint fails to show a reason for their joinder with the other defendants. It seems to us that this *is* a proper case for joinder. Rule 20(a) of the Federal Rules of Civil Procedure provides that all parties may be joined in one action as defendants "if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action". Here, the claim is asserted against the defendants, jointly and severally, arises out of the same transaction or occurrences, and questions of law and fact common to all defendants are indicated. Obviously, it will conserve time and effort and will serve the ends of justice to try these issues together. The motions to sever will be denied.