**HUTCHISON et al. v. NEW AMSTERDAM CAS. CO.**

**Civ. A. No. 7842.**

United States District Court
W. D. Pennsylvania.

Oct. 17, 1952.

Margiotti & Casey, Pittsburgh, Pa., for plaintiffs.

Dickie, McCamey, Chilcote, Reif & Robinson, Pittsburgh, Pa., for defendant.

STEWART, District Judge.

Plaintiffs brought this suit to recover from defendant upon an alleged contract of settlement and for damages resulting from alleged fraudulent misrepresentations by defendant. Defendant's answer denies the existence of a contract and the making of fraudulent representations. Plaintiffs have moved to amend their complaint in certain particulars and defendant has moved for judgment on the pleadings and to dismiss on the ground that the complaint fails to state a claim upon which relief can be granted. These motions are before us for disposition.

■ Plaintiffs' motion to amend will be considered first. Rule 15(a) of the Federal Rules of Civil Procedure, 28 U.S.C. provides, in part:

"A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

Since a responsive pleading has been filed, the last sentence of the quoted portion of Rule 15(a) is applicable here. Numerous cases under this rule have made it clear that the right to amend a pleading is addressed to the discretion of the court and that great liberality in the allowance of amendments is desired where it is necessary to bring about a furtherance of justice. United States v. Koike, 9 Cir., 1947, 164 F.2d 155; Frank Adam Electric Co. v. Westinghouse Electric & Mfg. Co., 8 Cir., 1945, 146 F.2d 165; Wilson v. Lamberton, 3 Cir., 1939, 102 F.2d 506; Hirshhorn v. Mine Safety Appliances Co., D.C.W.D.Pa. 1951, 101 F.Supp. 549; Snyder v. Dravo Corp., D.C.W.D.Pa.1947, 6 F.R.D. 546. This is especially true where to allow the amendment will subserve the presentation of the merits and where it is not shown that the allowance of the amendment will prejudice the opposing party. McDowall v. Orr Felt & Blanket Co., 6 Cir., 1944, 146 F.2d 136; Tahir Erk v. Glenn L. Martin Co., 4 Cir., 1941, 116 F.2d 865; Hirshhorn v. Mine Safety Appliances Co., supra; Snyder v. Dravo Corp., supra; Overfield v. Pennroad Corp., D.C.E.D.Pa.1941, 39 F. Supp. 482.

■ By the proposed amendment, plaintiffs seek to substitute the words "terminate the contract by paying the agreed sum" for the word "consummate" which appears in paragraphs 8 and 10 of the complaint.

Plaintiffs argue that this is merely an attempt to clarify the meaning of those paragraphs and to set forth in more detail what they meant when they used the term "consummate." We agree wtih plaintiffs that this proposed amendment is in the nature of a clarification and that it does not change the nature and basis of the claim asserted. Further, a clarification of the complaint will not prejudice the defendants. Hirshhorn v. Mine Safety Appliances Co., supra. Therefore, the proposed amendment to paragraphs 8 and 10 will be permitted in the interest of assuring a determination of the controversy upon the merits and not upon procedural niceties.

■ Defendant's motion for judgment on the pleadings and to dismiss is based on the ground that the complaint fails to state a claim upon which relief can be granted. The function of a complaint under the Federal Rules of Civil Procedure is to afford fair notice to the adversary of the nature and basis of the claim asserted and a general indication of the type of litigation involved. Continental Collieries, Inc., v. Shober, 3 Cir., 1942, 130 F.2d 631; Shapiro v. Royal Indemnity Co., D.C.W.D.Pa.1951, 100 F.Supp. 801; American Ship Building Company v. Kirk, D.C. W.D.Pa.1951, 11 F.R.D. 366. Rule 8(a) (2) provides that a pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief". Rule 12(b)(6) provides that a complaint may be dismissed where it fails to "state a claim upon which relief can be granted". On a motion to dismiss, the complaint must be viewed in the light most favorable to the plaintiff, and the complaint should not be dismissed unless it appears to a certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of his claim. Frederick Hart & Co. v. Recordgraph Corp., 3 Cir., 1948, 169 F.2d 580; Continental Collieries, Inc., v. Shober, supra; Shapiro v. Royal Indemnity Co., supra. Further, no matter how unlikely it may seem that the pleader will be able to prove his case, he is entitled, upon averring a claim, to an opportunity

to try to prove it. Frederick Hart & Co. v. Recordgraph Corp., supra; Continental Collieries, Inc., v. Shober, supra; Shapiro v. Royal Indemnity Co., supra.

These rules are equally applicable to a motion for judgment on the pleadings based on the ground that the complaint does not state a claim upon which relief can be granted. Accord, N.L.R.B. v. Weirton Steel Co., 3 Cir., 1944, 146 F.2d 144. We think it clear that the complaint in this case meets these tests and that defendant is not entitled to a judgment of dismissal as a matter of law based on the record at this time. Therefore, defendant's motion will be denied.