Darlene **STRAWHECKER**, Plaintiff,

v.

**LAUREL SCHOOL DISTRICT; Andrew Bulazo, individually and as Superintendent of the Laurel School District; Donald A. Bowden; Jack E. Hanna; Anna Reeher; Carolina A. Berry; Daniel E. Reiber; Jack Wilson; and John Lapinsky, individually and in their capacities as members of the Board of Education of the Laurel School District, Defendants.**

Civ. A. No. 82–283.

United States District Court,
W.D. Pennsylvania.

Feb. 2, 1983.

Alfred W. Babb, Pittsburgh, Pa., for plaintiff.

Charles Mansell and David Acker, New Castle, Pa., William C. Andrews, Pittsburgh, Pa., for defendants.

## MEMORANDUM OPINION

BLOCH, District Judge.

Plaintiff, Darlene Strawhecker, brings this action against defendants, the Laurel School District and its officials, pursuant to 28 U.S.C. §§ 1331, 1343(3), and 1343(4). Plaintiff claims that this action is cognizable under 42 U.S.C. § 1983 due to state action that has violated her constitutional rights. Plaintiff further claims that she was terminated from her employment as bus driver for the Laurel School District on October 14, 1981, because she spoke openly and honestly, in public, on school bus safety matters. Specifically, plaintiff alleges that she has been denied equal protection and due process of law under the Fourteenth Amendment of the United States Constitution "because of the enforcement against her on an unfair and discriminatory basis of certain local customs, rules, policies and/or procedures of the defendant School District in such a manner as to restrict and exhibit her constitutional right to freedom of speech and freedom of expression with respect to school bus safety matters and to restrict and inhibit her constitutional right to make reasonable inquiries and openly disclose information and opinions concerning the same." Finally, plaintiff contends that she was denied her right to a full and fair hearing before termination. She requests back pay and benefits, reinstatement, and costs of suit and attorney's fees.

Plaintiff now moves for leave of this Court to file an amended complaint. The request seeks to add three additional claims to the complaint and to name additional parties.[1] Plaintiff's motion seeks to amend the complaint in the following five ways: (1) to add the school district solicitor, individually and in his official capacity, as a defendant in the original claim and in the three new, proposed counts; (2) to request punitive damages in, and to further delineate factual details in support of, the original claim; (3) to add a second count to the complaint, which alleges a conspiracy among the original defendants and the school district solicitor in connection with the original claim; (4) to add a third count to the complaint against all but two of the original defendants, the school district solicitor, and three newly elected school board members, individually and in their official capacities, in connection with plaintiff's termination hearing held, pursuant to an Order of the Court of Common Pleas of Lawrence County, Pennsylvania, in September of 1982; and (5) to add a fourth count to the original complaint, which alleges a conspiracy among the same defendants named in Count Three and in connection with the claims set forth in Count Three. The Court hereby grants plaintiff's motion.

### Motion for Leave to Amend

■ The pertinent provision for purposes of this Opinion is Fed.R.Civ.P. 15(a) which provides as follows:

(a) Amendments. A party may amend his pleading once as a matter of course at

---

**1.** Plaintiff has attached a copy of the proposed amended complaint to her motion for leave to amend.

any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

Since defendants have filed a responsive pleading,[2] leave of Court is necessary.

In *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), the United States Supreme Court interpreted Rule 15(a) by stating:

If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. —the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the district court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the federal rules.

*Id.* at 182, 83 S.Ct. at 230. This Court has also interpreted Rule 15(a) by stating that the right to amend a pleading is addressed to the discretion of the district court, and great liberality in allowance of amendments is desired where it is necessary to bring about a furtherance of justice. *Hirshhorn v. Mine Safety Appliances Co.,* 101 F.Supp. 549, 552 (W.D.Pa.1951), *aff'd.,* 193 F.2d 489 (3d Cir.1952), *cert. denied,* 346 U.S. 866, 74 S.Ct. 105, 98 L.Ed. 376 (1953). However, the prescription of a liberal policy toward amendment of pleadings does not mean the absence of all restraint. *Garrison v. Baltimore & Ohio Railroad Co.,* 20 F.R.D. 190, 194 (W.D.Pa.1957). Thus, the Court must exercise its discretion in light of the circumstances presented by the case at hand.

The primary reasons for the denial of leave to amend are as follows: (1) that the amendment will result in undue prejudice to the opposing party; (2) that the amendment has been unduly delayed; (3) that the amendment is not offered in good faith; and/or (4) that the movant has had sufficient opportunity to state a claim, but has failed to do so. 3 MOORE'S FEDERAL PRACTICE, ¶ 15.08[4], pp. 15–91—15–99 (1982). The most important question that the Court must address is whether the allowance of the amendment will prejudice or work an injustice upon any of the parties. *Hirshhorn, supra,* at 552. The aforementioned precedents will guide the Court in its review of plaintiff's motion for leave to amend. To facilitate orderly discussion of plaintiff's motion, the Court will address the motion in two separate sections—the first section will deal with plaintiff's request to add additional claims, while the second section will address plaintiff's proposal to add additional parties.

### I. Addition of Claims

As stated, plaintiff's proposed amended complaint seeks to add the following claims: (1) an addition of a claim for punitive damages in, and an addition of several paragraphs in support of, the original count of the complaint; (2) an addition of Count Two to the complaint, which charges a con-

---

**2.** The defendants filed an answer on September 20, 1982, and plaintiff moved for leave to amend on December 10, 1982.

spiracy in connection with Count One; (3) an addition of Count Three to the complaint which asserts a denial of equal protection and due process in connection with the September, 1982, termination hearing of plaintiff; and (4) an addition of a fourth count, which alleges a conspiracy in connection with Count Three. The Court will address each of these claims in turn.

 The Court sees no problem with the addition of the new paragraphs in support of the original count. The defendants are not prejudiced by these additions, and they serve to further elaborate on plaintiff's position in connection with Count One; therefore, the Court permits these additions. Moreover, the request for punitive damages[3] is appropriate in certain cases involving violations of constitutional rights. *Cochetti v. Desmond,* 572 F.2d 102, 105 (3d Cir.1978).[4]

 The Court now turns attention to plaintiff's second count, a conspiracy claim in connection with Count One of the complaint. It is first important to note that such a conspiracy action is cognizable under 42 U.S.C. § 1985(3).[5] Defendants' major contentions against the granting of this amendment are that the amendment will delay the trial and necessitate further discovery. The Court recognizes that permitting this amendment may well delay the trial of this case. A delay of a trial in a case is a consideration for the Court in determining whether to grant an amendment; however, it is not an overriding consideration. As this Court has previously stated, the timeliness of the motion and delay of trial are merely elements to be considered by the Court in the exercise of its discretion. *Hirshhorn, supra,* at 552. If other considerations, such as the necessity to bring about a furtherance of justice, weigh in favor of granting the amendment, the Court should grant leave to amend. *Id.* The Court believes that the amended complaint provides a recognizable claim which plaintiff should be given the opportunity to pursue. Moreover, defendants' argument

---

**3.** This discussion of punitive damages applies to the request for punitive damages in all four counts.

**4.** It is important to note that punitive damages in such cases are only appropriate when there is a showing of more than a bare violation. *Cochetti, supra,* at 105. It should be further noted that the United States Supreme Court, in *Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981), held that punitive damages may not be awarded against a municipality. This Court could find no later Supreme Court decision to indicate that this holding should be extended to school districts, and the Third Circuit has not spoken to that issue either; however, another district court in this Circuit has held that school districts are the same as municipalities and that punitive damages should not be awarded against them. *Tyler v. Board of Education of New Castle County,* 519 F.Supp. 834, 837 (D.Del.1981). Another district court in this Circuit has held, in light of *Newport, supra,* that although punitive damages may not be awarded against a municipality, such damages may be awarded against individuals. *Peters v. Township of Hopewell,* 534 F.Supp. 1324, 1338 (D.N.J.1982). Accordingly, the Court is cognizant of the fact that punitive damages may not be appropriate in connection with all defendants and that this may be an appropriate subject for a motion to dismiss at a later point in this action.

**5.** Title 42 U.S.C. § 1985(3) provides as follows: "If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified persons as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

that the amendment will necessitate further discovery[6] is unconvincing to the Court in light of the fact that defendants have not undertaken any discovery of record to this point.[7] Finally, the Court raises a consideration of its own. It may be asserted that plaintiff should have raised this claim at an earlier point in this case in light of the fact that it is dependent upon the original count.[8] However, in her brief, plaintiff gives a valid reason for the delay in filing the motion for leave by stating that the basis for the claim contained in the proposed Count Two was unknown at the time that the original complaint was filed and was subsequently discovered through the discovery process. Defendants' brief does nothing to counter plaintiff's argument, and there is no indication that the claim is raised in bad faith. Therefore, in light of the fact that there appears to be no prejudice to the defendants by the addition of this claim and the fact that the Court should liberally permit such amendments when justice so requires, the Court permits the addition of Count Two.

■ Next, the Court deems it appropriate to address the claims raised by proposed Counts Three and Four of the amended complaint together because the counts both arise from the same occurrence or series of occurrences. At the time the plaintiff filed her original complaint with this Court, there was a state court action pending involving the same parties and issues.[9] The state court proceeding involved an appeal from the original school board hearing and determination to terminate plaintiff from her employment. The state court remanded the case back to the school board for a second hearing, pursuant to the Pennsylvania Local Agency Law, 2 Pa.C.S.A. § 105 *et seq.*, and the second hearing was held in September of 1982.[10] Plaintiff's proposed amended complaint seeks, through the addition of Counts Three and Four, redress for a violation of constitutional rights[11] as a result of the second termination hearing held in September of 1982. Specifically, Count Three asserts a denial of equal protection and due process in connection with the September, 1982, hearing, and Count Four asserts a conspiracy to violate the aforesaid constitutional rights pursuant to 42 U.S.C. § 1985. Both counts assert actions cognizable under the Civil Rights Act.

Defendants again assert the timeliness argument and specifically assert that the addition of these two counts is requested to delay trial. The Court again rejects the timeliness argument, this time for a much stronger reason than that asserted above. The alleged violations that occurred in September of 1982 could not have been known to plaintiff at the time the original complaint was filed. Moreover, the plaintiff acted in a timely fashion by seeking leave to amend only two months after the alleged violations. Most importantly, if the Court denies plaintiff's motion at this point, it may result in the filing of another law suit to raise these same claims. In terms of judicial economy, it makes sense to permit their addition in this suit, especially in light of the fact that the claims arise out of the same occurrence or series of occurrences. The Court again deems it appropriate to

---

**6.** The Court notes that any discovery necessary by the defendants in connection with this Count will probably come from the defendants themselves; therefore, defense counsel can still pursue discovery with his own clients.

**7.** Moreover, this Count is merely an extension of the original claim. Thus, the Court fails to see how this addition requires additional discovery, especially since defendants have not undertaken any discovery in connection with the original claim.

**8.** The original complaint was filed on February 24, 1982, and plaintiff did not file her motion to amend until December of that same year.

**9.** The state court action involved an appeal to the Court of Common Pleas of Lawrence County, Pennsylvania, from the defendants' original determination to dismiss plaintiff pursuant to the Pennsylvania Local Agency Law, 2 Pa.C.S.A. § 105 *et seq.*

**10.** The second hearing again resulted in a determination to terminate plaintiff from her employment.

**11.** Plaintiff claims that her constitutional rights to equal protection and due process were again violated through the second hearing.

permit the addition of these claims since there is no apparent prejudice to defendants, their addition will bring about a furtherance of justice, and their addition will enhance judicial economy.

### 2. Addition of Parties

Plaintiff's proposed amended complaint also seeks to add four new parties to this law suit. Plaintiff requests that Charles Y. Mansell, Esquire, the solicitor of the defendant Laurel School District, be added as a party to all four counts and that three school board members, who were not members of the school board at the time of the initial incident that led to the filing of this law suit, but were members of the school board at the time of the second hearing in September of 1982, be added as party defendants for purposes of Counts Three and Four.

When amendments are offered which seek a change in the capacity or identity of parties, all of the considerations discussed in the preceding section of this Opinion are pertinent; that is, the Court must consider such things as delay in adding those parties and the potential prejudice to those parties by their addition. 3 MOORE'S FEDERAL PRACTICE, ¶ 1508[5], pp. 15–113 (1982).

██ The Court acknowledges that it appears that plaintiff has unduly delayed in adding Mr. Mansell as a party to the original count; however, defendants' brief fails to argue that Mansell is prejudiced by the delay or by his addition as a party at this point. Two important considerations when a plaintiff seeks to add new defendants are the relationship between the new and old parties (*see generally Milner v. National School of Health Technology,* 73 F.R.D. 628 (E.D.Pa.1977)) and whether the new party was on notice of the suit. *See Norton v. International Harvester Co.,* 627 F.2d 18, 20–21 (7th Cir.1980); *Goodrich v. England,* 262 F.2d 298, 301 (9th Cir.1958). Mansell, as school district solicitor, definitely had an integral relationship with the original defendants in connection with all claims asserted by this law suit.[12] Moreover, in light of the fact that he was solicitor for the school board throughout the duration of the events complained of, it is obvious that he is, and has been, on notice of the pendency of this action.

██ As to the three additional school board members, it cannot be said that plaintiff unduly delayed in adding them as parties to this law suit because she named them at the same time she requested leave to add the claims in which they are involved. These three members are no more prejudiced by their addition to this suit in connection with Counts Three and Four than are any of the other parties named as defendants in those counts. It is important to add that these defendants had a definite relationship with the other defendants, in connection with Counts Three and Four, since they were members of the school board at the time of the alleged violations and, therefore, had notice of this suit.

██ There is one final consideration that the Court will address before concluding this section of the Opinion. Amendments attempting to add parties pursuant to Rule 15 often involve considerations of Fed.R.Civ.P. 20(a),[13] which governs permis-

---

12. The plaintiff's pretrial statement, which is a part of the record in this case, reveals that Mansell originally notified plaintiff of the original termination hearing, presided as hearing officer at both hearings before the school board, and represented the school district in the appeal to the Court of Common Pleas of Lawrence County, Pennsylvania.

13. Fed.R.Civ.P. 20(a) provides as follows: "Permissive Joinder. All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transac-

tion, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action. All persons (and any vessel, cargo or other property subject to admiralty process in rem) may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all

sive joinder of parties. Under Rule 20(a), a person or persons may be joined in one action as defendants "if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences." The test is clearly satisfied in this case because plaintiff asserts relief against all defendants as the result of the same series of transactions or occurrences. Therefore, joinder of parties in this action under Rule 20 is proper.

### 3. Conclusion

In light of the foregoing, the Court is satisfied that amendment is proper in this case and, therefore, grants plaintiff leave to file the amended complaint.

An appropriate Order will be issued.

the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.